## UNITED STATES v. LITTLE WAR CREEK COAL CO.

### No. 4447.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1939.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Paul R. Russell, Sp. Assts. to Atty. Gen., on the brief), for appellant.

Frederick L. Thomas, of Charleston, W. Va. (Price, Smith & Spilman, of Charleston, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment in an action brought to recover a part of an additional assessment of corporate income taxes assessed against and paid by the Little War Creek Coal Company for the year 1929. The decision of the lower court related to three items, only one of which is involved in the appeal. This relates to an indebtedness of $22,599.57 owing by taxpayer to the Eastern Coal and Export Corporation. At the end of the year 1927, taxpayer's officers decided that it did not owe the Eastern Coal & Export Corporation anything and charged the account off its books. In its return for that year, which showed no net income, it entered the amount of the account as income received. In January 1929, it settled its controversy with the Eastern Coal & Export Corporation by paying $20,000; and in its return for that year it deducted this payment as a loss. The Commissioner disallowed this deduction and added to the net income reported the sum of $2,599.57 on the ground that it was an amount saved by taxpayer as a result of the settlement and was chargeable to income as such. The court below sustained the contention of the taxpayer that the $20,000 item was deductible as a loss and that the $2,599.57 should not have been added to income. The government has appealed.

The item of $22,599.57 was entered upon the books of the taxpayer by an auditor in the year 1926 and represents the balance due on a promissory note, given in the year 1922, with accrued interest. A controversy arose between taxpayer and the Coal &

Export Corporation in 1927, taxpayer claiming that, if it were given proper credits with respect to coal which had been sold by the corporation, the indebtedness would be extinguished. Suit was entered against taxpayer by the corporation in October, 1927, and was pending when taxpayer made the decision to charge the account off its books and account for the amount of it as income in its return for that year. This decision did not affect the taxpayer's tax liability, as its return for the year showed a loss of $23,128.24 after crediting the amount of the account to income. Further investigation showed that it was mistaken with respect to some of its contentions as to the liability of the Coal & Export Corporation; and it accordingly agreed to compromise the matter in dispute by paying $20,000 in settlement.

■ There is no dispute about the fact that the $20,000 paid by taxpayer was paid in settlement of its indebtedness; and we know of no principle upon which such a payment can be claimed as a deduction. The fact that the account may have been charged off the books in a preceding year as not owing and may have been accounted for in that year as income does not help the position of the taxpayer; for there is nothing in the tax laws authorizing such procedure. The idea that a taxpayer, who is being sued for a debt, may decide for himself that he does not owe it, may account for it as income in a year in which it does not affect his tax liability, and may later deduct it from income as a loss when he is required to pay it, is one for which we find no support either in law or in reason. The charging off of bad debts is based upon statute and regulations and has reference to debts owing by others to a taxpayer. There is nothing in either the statutes or the regulations authorizing a taxpayer to charge off a debt owing by himself, and nothing requiring that income be reported with respect thereto in the absence of agreement or other action resulting in its extinguishment.

We find no analogy to the rule laid down in such cases as North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, and Board v. Commissioner, 6 Cir., 51 F.2d 73, to the effect that a taxpayer who has acquired income which he may later be required to refund should account for it in the year received and claim a loss in a subsequent year if required to refund. In the case at bar no income of any sort was received in the year 1927 as a result of charging off the debt. Certainly the decision of the taxpayer that it did not owe the debt was not income.

■ And we think it equally clear that the item of $2,599.57 was properly added to income by the Commissioner. The indebtedness set up on the books of the taxpayer as due the Eastern Coal & Export Corporation was settled for that much less than the face amount; and it is well settled that the amount thus saved was taxable as income to the taxpayer. United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L. Ed. 131; Helvering v. American Chicle Co. 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891. Such a case is, of course, fundamentally different from one in which the taxpayer charges an account off its books as not owing without any agreement with the creditor. As above stated, he is chargeable with income with respect to the debt only where as a result of agreement or other transaction the debt is extinguished.

It is suggested that the settlement agreed upon may have involved items of interest due by taxpayer and settlement of claims made by taxpayer against the Coal & Export Corporation; but we do not see how this could affect the matter. It is true, according to the testimony, that a part of the $22,599.57 indebtedness was interest; but this interest was just as much a part of the indebtedness owing by taxpayer as the principal, and presumably covered items of accrued interest for which credit had been taken in prior returns. If the deduction was allowed on account of claims asserted by taxpayer, collections on these should have been reported as income; and it can make no difference to taxpayer whether the $2,599.57 be added to income as a discount on indebtedness or as an amount realized on claims. The controlling fact is that taxpayer paid $20,000 on account of indebtedness and with this payment extinguished an indebtedness of $22,599.57. If taxpayer included in the settlement claims against the Coal & Export Corporation which were released, it necessarily collected on them an amount for which it should account as income. If the $20,000 payment was in settlement of other claims asserted by the Coal & Export Corporation in addition to the indebtedness of $22,599.57, taxpayer cannot complain, as the result would be to increase, not diminish, the amount which should have been added to income.

The judgment appealed from will be reversed in the respects indicated and the cause will be remanded with directions that judgment be entered accordingly.

Reversed.