## HADEN CO, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9536.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1941.

Rehearing Denied May 10, 1941.

Homer L. Bruce, of Houston, Tex., for petitioner.

Arthur A. Armstrong and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John W. Smith, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On December 20, 1939, the Board of Tax Appeals entered decision holding The Haden Company liable for deficiencies in income and excess profits taxes for the year 1935 in the respective amounts of $15,595.36 and $5,540.62. The Haden Company filed its petition for review.

The facts are without dispute. The W. D. Haden Company, a corporation of Galveston, Texas, was engaged for many years in producing sand, gravel, and shell for use in construction work. The corporation, which was without authority to engage in the business of retailing other building materials, needed a retail outlet in Houston, Texas, through a company engaged in selling building materials of all kinds. To meet this need for a retail outlet The Haden Company, petitioner, was organized in 1929. It occupied premises owned by W. D. Haden Company, and the stockholders, officers, and directors of W. D. Haden Company were the stockholders, officers, and directors of the newly organized corporation.

For four or five years prior to December 31, 1935, The Haden Company sustained heavy losses, and on that date was indebted to W. D. Haden Company in the sum of .$295,973.16. This indebtedness represented current bills of $11,374.11, loans of $151,665.36, and $132,933.69 for rent due on the premises occupied by The Haden Company and for materials and supplies sold to it on credit in prior years by W. D. Haden Company.

On December 31, 1935, the petitioner had assets of $149,644.98, and debts of $317,337.49, the deficit being $167,692.51. At the end of the year 1935, W. D. Haden Company cancelled all of The Haden Company's indebtedness to it with the exception of the item of $11,374.11 which represented current bills. The total amount owing to creditors of the petitioner was thus

reduced to $32,738.44, leaving it with free net assets of $116,906.54.

Prior to the cancellation of the above-mentioned indebtedness The Haden Company was insolvent and was unable to carry on its business without the assistance and financial aid of W. D. Haden Company, which extended credit to it, guaranteed payment of its obligations to others, and made other necessary financial arrangements for it. After the cancellation of indebtedness the petitioner continued to occupy the premises rented from W. D. Haden Company; and was enabled to pay its current bills, buy materials from W. D. Haden Company and others, and carry on business in a normal manner upon its own credit with banks and elsewhere without the financial aid of W. D. Haden Company.

The petitioner kept its books and made its tax returns on the accrual basis. In its returns for the years prior to 1935 it claimed and was allowed deductions for materials purchased from and rent due to W. D. Haden Company in the sum of $132,933.69. This amount was never paid in cash, but was represented by the indebtedness which was cancelled by W. D. Haden Company. The commissioner added this sum to the taxpayer's income for 1935 and gave notice to the taxpayer of a determination of deficiency in income and excess profits taxes. The taxpayer filed its petition for a redetermination of the deficiency and the Board of Tax Appeals, after a hearing, reduced the addition to income to $116,906.54, which was the amount of the taxpayer's net assets after the cancellation of indebtedness. The Board found that this amount was not a gift and that it was income taxable to the petitioner in 1935.

The sole question presented here is whether the petitioner realized taxable income in 1935 by the cancellation of the accumulated indebtedness of $132,933.69 due W. D. Haden Company for materials and rent.

The commissioner does not contend that the entire amount of the cancelled indebtedness constituted taxable income to the petitioner. It is contended, however, that it would have been proper to include in income the entire sum of $132,933.69 which represented deductions accrued and claimed by the taxpayer in other years. The commissioner took no appeal from the decision of the Board which held that only $116,906.64 was taxable, and it is, therefore, un-necessary to pass upon this contention. It is clear that the petitioner realized a gain in 1935. When the W. D. Haden Company cancelled the indebtedness it remained solvent and the petitioner was no longer insolvent. Assets to the extent of $116,906.54, previously offset by liabilities, were freed from the claims of creditors, and to this extent the petitioner thereby "realized within the year an accession to income". United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131; Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891; United States v. Little War Creek Coal Co., 4 Cir., 104 F.2d 483; Art. 22 (a) 14, T.R., Rev.Act of 1934; Cf. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297.

The petitioner was operated in the interest of W. D. Haden Company, and the cancellation of indebtedness benefited the latter company. The Board properly found that the cancellation did not constitute a gift to the petitioner.

The decision of the Board is affirmed.