870

C. F. Uhl, U. S. Atty., of Pittsburgh, Pa., and Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., for the United States.

Paul G. Rodewald, David B. Buerger, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover an additional capital-stock tax for the fiscal year ending June 30, 1937, alleged to be due from Union Shipbuilding Company, a Pennsylvania corporation, now dissolved. This Pennsylvania corporation was a wholly-owned subsidiary of defendant, and is hereafter referred to as the "subsidiary." It is agreed that if any capital-stock tax is justly owing by the subsidiary, the defendant is liable therefor.

The facts, which have been agreed upon by stipulation filed in the case, are briefly these:

On October 5, 1936, the subsidiary was indebted to defendant in the sum of $6,086,-905.46. On that date the fair market value of the assets and business of the subsidiary was $2,060,208.73, without taking into account said indebtedness. After taking into account said indebtedness, the liabilities of the subsidiary exceeded its assets by the sum of $4,026,696.73. On that date the defendant contributed to the capital of the subsidiary the amount of said indebtedness,

which was accordingly forgiven, cancelled and discharged. Immediately thereafter the net fair value of the assets of the subsidiary was $2,060,208.73. On July 15, 1937, the subsidiary filed with the Collector of Internal Revenue its capital-stock return showing a tax liability of $746. This tax was arrived at on the basis that the contribution to the capital of the subsidiary had a value of only $2,060,208.73. In February, 1938, the Commissioner of Internal Revenue assessed against the subsidiary an additional capital-stock tax for the year ended June 30, 1937, in the sum of $4,027, together with interest in the sum of $157.49, on the ground that the face amount of indebtedness forgiven by defendant to its subsidiary, to-wit, $6,086,905.46, constituted contribution to capital of the subsidiary. No part of said additional tax has been paid.

The tax assessed was levied under Section 105(a) of the Revenue Act of 1935, as amended by Section 401 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 798, which provides for an excise tax of $1 for each $1,000 of the adjusted declared value of the capital stock. For the first tax-year, the adjusted declared value is that declared by the corporation in its first return under this section. For subsequent years, the adjusted declared value is "the original declared value plus (1) the cash and fair market value of the property paid in for stock or shares, (2) paid in surplus and contribution to capital," Treasury Regulation 64 (1936 Ed.), Art. 46(e), provides: "Cancellation of Indebtedness.—If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation and as such falls within addition adjustment. (2) The rule is not altered by the fact that the shareholder is a parent corporation, * * *."

The plaintiff contends that the face amount of the subsidiary's indebtedness to defendant is the amount of the contribution to the capital of the subsidiary. The defendant contends that the fair market value of the indebtedness constitutes the contribution. In other words, had the defendant proceeded to collect by process of law from the subsidiary its indebtedness, it could not have realized more than the fair market value of the assets of the subsidiary, which it is agreed were worth $2,060,208.73, which is the correct measure of defendant's contribution.

In our opinion, the defendant's contention is correct. Regulation 64, Art. 45 (1936 Ed.) provides:

"(b) Years subsequent to first taxable year.—The adjusted declared value for any taxable year subsequent to the first taxable year shall be determined as follows:

"To the adjusted declared value applicable to the last preceding taxable year shall be added the sum of the following:

"* * * All cash paid in and the fair market value of all property received (whether paid in by, or received from, stockholders or others) constituting contributions to capital. The fair market value of the property shall be determined as of the date of such payment or contribution."

What is that contribution in the instant case?

Prior to the forgiving of the debt of $6,086,905.46, the property of the defendant had no clear fair market value. It was insolvent to the extent of $4,026,696.73. The forgiving of this indebtedness had the effect only of giving to the property of the defendant a fair market value of $2,060,208.73. That is the fair measure of the contribution to capital of the subsidiary.

There are, so far as we can find, no decisions by the courts on this precise question.

However, there are some income-tax cases which by analogy would appear to sustain the view we have taken. It has been held that where the cancellation of a taxpayer's debt did not increase his assets beyond the amount they were before the transaction occurred, no taxable income accrued, because there was an extinguishment of liabilities without any increase of assets: Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 5 Cir., 70 F.2d 95; Commissioner v. Simmons Gin Co., 10 Cir., 43 F.2d 327.

Likewise, is a case where the cancellation of debts left assets freed of debts of creditors, to the extent of such release the corporation was subject to an income tax: Haden Co. v. Commissioner, 5 Cir., 118 F.2d 285; Turney's Estate v. Commissioner, 5 Cir., 126 F.2d 712.

We therefore conclude that the plaintiff is not entitled to recover, and that judgment must be entered for the defendant on the agreed statement of facts in the instant case. An order may be submitted accordingly.