NATIONAL BRASS WORKS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13434. Promulgated May 15, 1951.

*Donald C. McGovern, Esq.*, for the petitioner.
*H. Arlo Melville, Esq.*, for the respondent.

1052

OPINION.

VAN FOSSAN, *Judge:* As presented at the original hearing, this case was submitted entirely on a stipulation of facts. The stipulation did not adequately disclose either the corporate intent or the circumstances surrounding the making of the overcharges out of which arose the payment to O. P. A. of the amount in controversy, nor did it show the relation of the amount of the overcharges to the amount of the payment. The Court of Appeals commented on those aspects of the case, and at the hearing pursuant to mandate, testimony relative thereto was presented. The opinion of the Court of Appeals for the Ninth Circuit, states, in part:

It seems to us that allowance of the sum paid to the government may be allowed as a business deduction when the overcharge has been innocently and unintentionally made and not made through an unreasonable lack of care. The whole question resolves itself into proof with the burden on the claimant. Under such principle it is clear that a fine levied in a criminal action can never be an ordinary and necessary expense. Where guilt has been established neither innocence nor good intention abide.

No payment to the Administrator made for overcharges in circumstances incompatible with innocence or with reasonable care can be a necessary and ordinary expense. Allowance of the deduction in either of these situations would definitely tend to frustrate enforcement of the Price Control Act.

In our opinion, the term "unintentionally made" is properly descriptive of the precise opposite of what the petitioner did in making these overcharges. Nor can petitioner successfully contend it acted innocently. There was no confusion in the "daedalian mazes of the regulations" referred to by Judge Learned Hand in *Jerry Rossman Corporation* v. *Commissioner*, 175 F. 2d 711. Petitioner knew and fully understood the regulation. The Court of Appeals in the instant case has stated that:

* * * the law violated was highly complex and difficult to comprehend and, therefore, innocent violations were not uncommon. It was error in our opinion to conclude simply because the Price Control Act was admittedly violated and the expenditure was incurred as a direct consequence thereof that such expenditure was non-deductible for income tax purposes.

The record now shows that the overcharges "admittedly" made were thoroughly considered. Petitioner acted with the advice of counsel in so doing,[1] although he did not follow such advice in all

---

[1] Petitioner insists that the following testimony of its counsel is correct "* * * It was a carefully considered plan adopted under my advice. He did exactly what I advised him to do in connection with it."

respects. The overcharges were made because petitioner felt that the three-quarters cent price increase allowed its supplier should be offset against the reduction of 1½ cents in petitioner's prices by O. P. A. We are not concerned with the intrinsic merits of petitioner's view that it was entitled to some adjustment in the 1½ cents reduction ordered by O. P. A. What does concern us, however, is the fact that petitioner purposely, deliberately, and knowingly failed to comply with the price regulation. This failure gave rise to the Price Administrator's claim for treble damages, which claim petitioner settled by payment of the controverted amount.

Petitioner requested a finding of fact to the effect that the O. P. A. regulations were complicated and difficult to understand. We have no doubt that many of such regulations may properly be so characterized but, as stated above, there is no evidence that petitioner failed to understand the pertinent regulation. The evidence points entirely the other way, i. e., the regulations involved were well understood, but petitioner, holding the view that it was receiving inequitable treatment by compliance therewith, and after careful consideration, deliberately violated the regulations.

Petitioner further comments on the policy of O. P. A. to settle cases involving innocent violations by requiring payment of merely the amount of the overcharge. Since the payment involved here was in the exact amount of the overcharge, petitioner argues that it is an innocent violation and the stigma attached to the words "penalty" and "damages" is removed. The record clearly supports petitioner's contention that the payment coincided in amount with the overcharge, i. e., it included no "damages." There were 871,406 pounds of castings sold on which the price was not reduced the 1½ cents per pound, as required by O. P. A. This would indicate an overcharge of $13,071.09, an amount within one cent of the payment to O. P. A. Relying on this fact, petitioner invokes the language of *Jerry Rossman, supra:*

* * * the Administrator's consent to accept the overcharge showed that he thought that the taxpayer used adequate care; and that was enough.

But it appears from the *Rossman* case that "adequate care" means care to avoid the making of any overcharges knowingly. That is, if the overcharges were unwittingly and innocently made, as in the *Rossman* case, allowing a reduction of the overpayment of such overcharge would not "frustrate" the Price Control Act. As we read the *Rossman* case and the opinion of the Ninth Circuit in the present case on appeal, the opposite result should follow where the record shows the overcharge was deliberately or "intentionally made."

Another argument advanced by petitioner here is that by disallowing the deduction we, in effect, add a penalty to what was simply a

repayment, when such a penalty was not insisted on by O. P. A. The amount of the repayment is, in effect, increased by the additional tax on net income petitioner must thus pay because of the disallowance of the deduction. In the *Rossman* case the Court of Appeals discussed at length the question of whether the price regulation acts would be "frustrated" by allowing such a deduction. It appears to us in this case that if there is any frustration of statutes involved, the greater error would be on the side of allowing as an "ordinary and necessary business expense" under section 23 (a) (1) (A), repayment of overcharges deliberately and intentionally made. Although, possibly, we may be aiding the enforcement of the price regulations in disallowing the deduction, yet not to disallow it would fail to distinguish between one who knowingly and deliberately violates such regulations and one who does so unknowingly. We think that such a distinction is proper. In *Henry Watterson Hotel Co.*, 15 T. C. 902, on appeal C. A. 6, we cited the opinion of the Court of Appeals in the instant case, saying: "Petitioner failed to carry his burden to prove such an error was innocently made."

In our opinion, the petitioner has not shown that the overcharge was "innocently and unintentionally made." We hold, therefore, that the Commissioner did not err in disallowing as an ordinary and necessary business expense petitioner's payment to O. P. A. of the amount in settlement of the claim for damages growing out of the overcharge.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

