## UTICA KNITTING CO. v. SHAUGHNESSY, Collector of Internal Revenue.

### Civ. A. No. 3838.

United States District Court
N. D. New York.

Argued June 25, 1951.

Submitted July 17, 1951.

Decided Sept. 4, 1951.

Ferris, Burgess, Hughes & Dorrance, Utica, N. Y., Russell G. Dunmore, Jr., Utica, N. Y., of counsel, for plaintiff.

Irving J. Higbee, U. S. Atty., Syracuse, N. Y., for defendant.

BRENNAN, Chief Judge.

Plaintiff in this action seeks a judgment in the amount of $4,820.68, with interest, being the amount of an alleged over-payment in its federal income tax for the year 1946. An answer has been filed; the cause is at issue.

Plaintiff moves for a summary judgment for the relief requested in the complaint; the motion being based upon the pleadings, two affidavits, and the court records of a prior action referred to below. No question is raised as to the propriety of the motion, and no claim is made that a material question of fact exists.

The factual background will be briefly summarized. About January, 1946, this Court rendered a decision in an action

brought by Bowles, Administrator, Office of Price Administration, against the Utica Knitting Company, which in substance found that it had violated the provisions of the General Price Regulations during the years 1944 and 1945. That controversy involved three items out of 473 styles of garments manufactured by the Utica Knitting Company. The Court found therein that the violations were neither wilful nor the result of failure to take practical precautions, and single damages were awarded.

The computation of such damages was complicated.

The parties adjusted the amount thereof without the necessity of court intervention. A part thereof was paid by the Utica Knitting Company, March 28, 1946, and the balance on September 30, 1946. Judgment was not entered until August 18, 1947. An appeal from the judgment was taken by the Utica Knitting Company to the Circuit Court of Appeals and on May 20, 1948, the lower court decision was affirmed. U. S. v. Utica Knitting Mills, 2 Cir., 168 F.2d 620.

In the Utica Knitting Company's 1946 tax return the amounts paid as above stated, to-wit, $12,686.01, were not deducted in any manner from its income shown therein, although the item appears therein as an O.P.A. penalty under the heading of unallowable deductions. It appears that the item was treated on the Utica Knitting Company's books as a charge to surplus in 1946. Its records and the tax return were kept and made on an accrual basis. Sometime later a claim for refund in the amount demanded in the complaint was made upon the basis that the payments made in 1946 on account of the overcharges referred to above were lawful deductions from the Utica Knitting Company's gross income in 1946 as either a business loss under section 23(f) or a trade or business expense under the provisions of 23(a) of the Internal Revenue Code, 26 U.S.C.1946 edition, § 23. The claim for refund was rejected, and this action followed.

The motion presents the single legal question as to the right of the Utica Knitting Company to deduct from its 1946 gross income as a business loss or as a trade or business expense the amount paid as damages in an action brought for an injunction and for treble damages on account of violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix, §§ 901–925(e). As above stated the decision, while finding violations, found that there was neither wilfulness nor negligence on the part of the company in connection therewith. The Utica Knitting Company relies upon the holdings in Jerry Rossman Corp. v. Commissioner, 2 Cir., 175 F.2d 711, and National Brass Works v. Commissioner, 9 Cir., 182 F.2d 526. Defendant contends: (a) that even though payment were made in 1946, the items may not be considered as having accrued as long as litigation concerning same was pending undetermined, and (b) that the amount paid in accordance with the court's decision (even though judgment had not been entered) was in law a penalty and not deductible for the reasons that such deduction would frustrate the defined policies of the Emergency Price Control Act, and would be against public policy.

■ Consideration is first given to the question of whether or not payments made by plaintiff in 1946 may be properly considered in determining the taxable income for that year—assuming that such payments are properly deductible as a business expense or loss. Such consideration involves the interpretation and application of the regulations and judicial precedents which are pertinent to the much litigated question of accruals. Accounting theories of correct bookkeeping are of little value. "The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test." Lucas v. American Code Co., 280 U.S. 445 at page 449, 50 S.Ct. 202, at page 203, 74 L. Ed. 538. The regulations indicate that the amounts of judgments or other binding adjudications may be deducted " * * * when the claim is adjudicated or paid * * *." C.F.R. Title 26, Section 29.43–2. It follows that either adjudication or payment will support such a deduction. Here there was a binding adjudication as to liability of the plaintiff in January, 1946. In the court's decision, the amount of the dam-

ages and the method of computation was undetermined, and the parties in effect were urged to agree thereon; otherwise, evidence would be received by the court. It is evident that the parties did agree and the amounts paid by the plaintiff were determined by such agreement. Such agreement would seem to bring the situation directly within the terms of the regulation. The defendant, however, claims that, since the correctness of the court's determination was later questioned by an appeal, the principle that a taxpayer may not accrue a liability which he disputes is applicable. That such is the general rule when payment is withheld is beyond dispute, Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420; Security Mills Flour Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725, but no precedent is cited which applies the rule where payment of the disputed amount was actually made in the course of litigation. It may also be pointed out that at the time of the payment it may be questioned as to whether or not liability of the Utica Knitting Company was in actual dispute. It is true that the litigation in the District Court had not been officially terminated, but the Government could have brought the matter to a head by the entry of a judgment (judgment was finally entered on motion made by the present plaintiff). If we apply the practical test, all of the elements of an accrual existed at least by September, 1946. To conclude that the directors of the Utica Knitting Company had determined in 1946 to appeal the decision made in the District Court involves speculation. It is not presumed that the tax statutes or regulations were intended to interfere with recognized business practices, unless such practices would distort the showing of income for a taxable year. The prompt payment of liquidated indebtedness by business men or corporations may well be dictated by business policies, such as the desire to preserve credit rating or the avoidance of interest upon the obligation. The ultimate hope of reimbursement does not make the payment any less real. The subject of when a claim accrues for tax purposes was considered and discussed by this Court in C. A. Durr Packing Co. v. Shaughnessy, 81 F.Supp. 33, and need not be repeated here.

■ The language of the regulation referred to above and the circumstances here lead to the conclusion that the amounts paid by the plaintiff, if legally deductible from income, are properly so deductible in the 1946 tax return.

The decisions in the Jerry Rossman and National Brass Works cases, supra, eliminate the necessity of discussing and deciding several contentions made before this Court. They plainly hold that a deductible expense is not determined by the label placed thereon, and the question as to whether or not the payments made by the plaintiff here may be termed penalties is not decisive. Neither is the fact that a violation of law is directly involved. Each case must be decided upon its own facts. Commissioner v. Heininger, 320 U.S. 467 at page 473, 64 S.Ct. 249, 88 L.Ed. 171. The decision follows, based upon the circumstances of the violation and the effect of the allowance of the deduction upon the enforcement of the law violated.

■ Here, the circumstances have been established in a prior litigation, and the Court found that there was neither wilfulness, intention nor carelessness involved in the violations. The plaintiff has paid a tax at a high rate upon the overcharges received in 1944 and 1945. It would appear to be unfair to refuse to allow the taxpayer the benefit of the determination that in fact such overcharges were not properly income at all and must be paid over to the Government. The taxpayer would then pay a tax on income which he is not allowed to retain. The culpability or carelessness of the taxpayer is not a factor in the loss of the income here. Neither public policy nor the enforcement of the Price Control Act would require such a determination. The decision appears to fall directly within the principles expressed in the quotation taken from the National Brass Works case, supra, 182 F.2d at page 531. "Where the payment has been made in circumstances which are inconsistent with intention to violate the Act and inconsistent with a lack of due care to conform to the law it would

248

be an ordinary and necessary expense. Allowance of the deduction in these circumstances could not frustrate the enforcement of the Act."

The motion of the plaintiff is granted.