**GEORGE SCHAEFER & SONS, Inc.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 105, Docket 22819.

United States Court of Appeals
Second Circuit.

Argued Dec. 16, 1953.
Decided Jan. 4, 1954.

---

**10.** See 28 U.S.C. § 1441(c).

Richard W. Wilson, New York City, for petitioner.

H. Brian Holland, Ellis N. Slack, Washington, D. C., and John J. Kelley, Jr., New York City, for respondent.

Before CLARK, FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

The sole question is whether acceptance by the OPA of a settlement of overcharges made in violation of the Emergency Price Control Act of 1942, 50 U.S.C.Appendix, § 901 et seq.—proves that the violation was so innocent that allowance of a tax deduction for the settlement payment would not " 'frustrate' any 'sharply defined' policies of the * * * Act". Jerry Rossman Corp. v. Commissioner, 2 Cir., 175 F.2d 711, 714.

In Rossman, we said that "in every case the question must be decided *ad hoc*." There, the taxpayer's overcharge resulted from errors made by his supplier; on discovering the errors, taxpayer immediately reported the overcharges to the OPA official who accepted payment of that amount and

gave taxpayer a full discharge. In those circumstances, we said "there was positive and compelling evidence that to allow" the deduction for tax purposes "would not 'frustrate' the policies of the" OPA statute; and we added that the Administrator's acceptance of the overcharge was not a final decision for tax purposes but that, on the evidence, "it stands uncontradicted." Here there is no such evidence; an inference favorable to taxpayer which otherwise might be drawn is here flatly contradicted by the evidence. Here the taxpayer's action in raising its prices, after its cursory investigation had revealed that there was no new price amendment, amounted to recklessness. And the government's settlement of the suit for one-twelfth of the amount claimed as single damages is not alone, we think, the equivalent of an administrative determination of innocent violation.

The settlement means very little since, at the time it was effectuated, the OPA had expired (on June 30, 1947—50 U.S. C.Appendix, § 901), and we may surmise its staff of lawyers and investigators had been disbanded. On that account, the investigation necessary to prove the case at trial against the taxpayer may have been unavailable.[1] Had taxpayer been sued by OPA, and had there resulted in that suit a judicial decision that taxpayer had successfully defended under the so-called Chandler Amendment, 50 U.S.C.Appendix, § 925(e)—*i. e.*, that the recoverable amount "shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation"—the result here might have been different. See Utica Knitting Co. v. Shaughnessy, D.C., 100 F.Supp. 245. But the mere fact of a settlement cannot be deemed the same as a judicial

---

1. It is said that the OPA, during its wartime existence, settled 70% of all the treble-damage suits it brought. See Note 59 Yale L.J. 561, 567. If this be correct, it seems to indicate that the mere fact of settlement does not add up to an administrative determination of innocent violation.

determination; nor (for reasons already stated) can it be given the rank of an administrative determination of innocence. Accordingly, we think the taxpayer, absent proof of such innocence, cannot deduct the settlement payment as a business expense, because to do so would be to frustrate the clear policy of the OPA statute.[2]

Affirmed.

---

[2.] National Brass Works, Inc., v. Commissioner, 9 Cir., 205 F.2d 104; cf. Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, at page 474, 64 S.Ct. 249, 88 L.Ed. 171.