**NEMROW BROS., Inc.**

v.

**UNITED STATES of America.**

**Civ. A. No. 52–1015.**

United States District Court
D. Massachusetts.

Oct. 5, 1954.

George B. Lourie, Arnold R. Cutler, Lourie & Cutler, Boston, Mass., for plaintiff.

United States Attorney and Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to recover certain income, excess profits, and declared value excess profits taxes which are alleged to have been erroneously assessed against him. The question presented is whether the amounts paid as penalties by the plaintiff for violations of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., are deductible under Section 23(a) of the Internal Revenue Code, 26 U.S.C.A. § 23(a).

*Findings of Fact*

In 1944 and 1945 some ten of the sixteen stores owned by the plaintiff violated the O.P.A. regulations and incurred a treble damages penalty of $933.90 which was paid. During the same period the other six stores violated the O.P.A. regulations and paid as a penalty for such violation $4,039.33. The commissioner refused to allow a deduction from the plaintiff's income tax of any part of the above amounts except for a small overassessment which is not important to this decision. All steps necessary to the prosecution of the case in this Court have been taken and the plaintiff seeks judgment in the sum of $4,669.64.

The decision in this case must turn on the answer to the question whether the plaintiff has proved that the O.P.A. violations were neither willful nor the

result of failure to take proper precautions to comply with the regulations. See Henry Watterson Hotel Co. v. Commissioner of Internal Revenue, 6 Cir., 194 F.2d 539; National Brass Works, Inc., v. Commissioner, 16 T.C. 1051.

In Commissioner of Internal Revenue v. Pacific Mills, 207 F.2d 177, the First Circuit Court of Appeals held that the policy of the O.P.A. statute was not to punish violators where there was not willful evasion but it was merely to compel them to give up what had been withheld or overcharged. As to violators who could not prove that their violation was not willful nor the result of failure to take proper precaution to allow such a taxpayer a tax deduction would frustrate the policy of the act. Reviewing the history of the violation, it appears that the plaintiff did not appear at certain suspension hearings that were held pursuant to its violations. It may have had some explanation of its conduct or evidence of the violations as not being willful or the result of failure to take proper precautions but the hearing officer found and stated in his opinion that,

"The attitude displayed by the respondent in this matter indicates a failure to appreciate the importance of the rationing regulations and the trust imposed upon all persons dealing in rationed sugar. The existence of a substantial shortage of sugar plainly shows that there has been a diversion of a large amount of sugar into improper channels from the respondent's place of business. There may well be an explanation of the existence of this shortage but the respondent has not seen fit to present it. A period of active suspension is plainly required to satisfy the remedial purposes of this proceeding, and the representative of the Office of Price Administration has recommended that the right of the respondent to deal in rationed sugar be suspended for a period of three months with a stay of operation at the end of one month. As this disposition appears appropriate

to me, an Order to that effect is being issued simultaneously herewith."

### Conclusions of Law

From the foregoing I conclude and rule that the plaintiff has not maintained the burden of proving by a preponderance of evidence that the evasions were not willful nor the result of its failure to take proper precautions. The action therefore is to be dismissed.