JULIAN LENTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42352.    Filed October 26, 1954.

*Henry H. Koven, Esq.*, for the petitioner.
*Edward L. Newberger, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* This proceeding involves a deficiency in income tax of $16,676.34 determined against petitioner, Julian Lentin, for the year 1946. The sole issue to be decided is whether the amount of $34,985.94 paid by petitioner in 1946 pursuant to a judgment entered against him by a United States District Court for willful violation of the Emergency Price Control Act of 1942,[1] as amended, is deductible by him in whole or in part on his return for that year.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Petitioner was a resident of Chicago, Illinois, in 1946, and filed his Federal income tax return for that calendar year with the collector of internal revenue for the first district of Illinois. On January 12, 1945, the United States District Court for the Northern District of Illinois, Eastern Division (hereinafter referred to as the District

---

[1] 56 Stat. 23.

Court), in a civil proceeding captioned *Chester A. Bowles, Administrator, Office of Price Administration* v. *Julian Lentin, d/b/a J. Lentin Lumber Company*, Civil Action No. 44 C 476, entered its Findings of Fact and Conclusions of Law that petitioner:

### FINDINGS OF FACT.

\* \* \* Julian Lentin, on divers dates from October 20, 1943 to the date of the filing of the complaint in this cause has purchased and sold lumber at prices in excess of the maximum prices established therefor under Maximum Price Regulation No. 94, as amended and Maximum Price Regulation No. 458 as amended and the sales made by him were not made to purchasers for use or consumption other than in the course of trade or business, said sales having been made to retailers or wholesalers.

4. That the aforesaid sales and purchases by defendant, Julian Lentin, at prices in excess of such maximum prices were knowingly and willfully made by him and were known by him at the time to be in violation of the applicable regulations.

5. That the testimony of Julian Lentin in the cause with respect to his purchases and sales of lumber and otherwise was false in material respects.

### CONCLUSIONS OF LAW

\*  \*  \*  \*  \*  \*  \*

2. That the purchases and sales of lumber by defendant, Julian Lentin, in excess of the applicable maximum prices therefor referred to in the above Findings of Fact constitute violations of the above mentioned regulations as amended and of the Emergency Price Control Act of 1942 as amended.

Judgment was entered on the same day, and was affirmed on appeal. *Bowles* v. *Lentin*, 151 F. 2d 615 (C. A. 7, 1945), certiorari denied 327 U. S. 805 (1946), rehearing denied 328 U. S. 877 (1946).

Petitioner's violation of the Emergency Price Control Act arose out of a joint venture with one Edward Gordon. Petitioner's share of the judgment was $34,985.94, which sum he paid in 1946. On his income tax return for that year, he deducted such sum as "O. P. A. expense." In his deficiency notice, the respondent disallowed the deduction.

It is now well established that payments in compromise of alleged violation of the Emergency Price Control Act of 1942 (hereinafter referred to as the Price Control Act) or pursuant to judicial determination of such violation are not deductible under any provision of the Internal Revenue Code of 1939 where such violation of the Price Control Act has been willful or is the result of unreasonable lack of care. Rev. Rul. 54–204, I. R. B. 1954–23, p. 6; *Joseph Salzman*, 21 T. C. 777 (1954); *George Schaefer & Sons* v. *Commissioner*, 209 F. 2d 440 (C. A. 2, 1954); *National Brass Works, Inc.*, 16 T. C. 1051 (1951), affd. 205 F. 2d 104 (C. A. 9, 1953); *Henry Watterson Hotel Co.*, 15 T. C. 902 (1950), affd. 194 F. 2d 539 (C. A. 6, 1952). The disallowance of deductions for such payments is grounded on the principle that their allowance would frustrate clearly defined public policy. See *Jerry Rossman Corporation* v. *Commissioner*, 175 F. 2d 711 (C. A. 2, 1949);

and *National Brass Works* v. *Commissioner*, 182 F. 2d 526 (C. A. 9, 1950).

Where a violation of the Price Control Act is unintentional, payment in settlement of the alleged violation is a fully deductible expense under section 23 (a) (1) (A) of the Code. *Pacific Mills*, 17 T. C. 705 (1951), affd. 207 F. 2d 177 (C. A. 1, 1953) ; *Jerry Rossman Corporation* v. *Commissioner, supra; Farmers Creamery Co. of Fredericksburg, Va.*, 14 T. C. 879 (1950).

The essential question presented here is whether or not petitioner's violation of the Price Control Act was willful. The respondent has determined that it was, and argues that the decision of the District Court, hereinbefore referred to, is res judicata to a redetermination on our part of that factual question here. The parties have stipulated the entire record of the proceedings before the District Court into the record here. The petitioner argues that the District Court's decision is not res judicata, and that we must redetermine whether his violation of the Price Control Act was willful or unintentional.

We are satisfied that the District Court's decision, affirmed on appeal, is res judicata, as to the issue of petitioner's willful violation of the Price Control Act. *Sunshine Coal Co.* v. *Adkins*, 310 U. S. 381 (1940) ; *United States* v. *Willard Tablet Co.*, 141 F. 2d 141 (C. A. 7, 1944). In the *Sunshine Coal Co.* case, the Supreme Court determined that a previous judicial determination between the coal company and the National Bituminous Coal Commission, that the company's coal was "bituminous," was res judicata as to that factual issue in the subsequent proceeding between the company and the collector of internal revenue. The Court's determination was based on the ground that the collector, in the latter suit, was "in privity" with the Commission in the earlier suit, as officers of the United States. Likewise, in the *Willard Tablet Co.* case, the Court of Appeals, Seventh Circuit, held that a judicial determination of facts in an action between the Tablet Company and the Federal Trade Commission was res judicata in the subsequent action by the United States against the Tablet Company based on the same facts. The res judicata issue here appears to us to fall within the scope of those decisions. See also *George Schaefer & Sons* v. *Commissioner, supra; Utica Knitting Co.* v. *Shaughnessy*, 100 F. Supp. 245 (N. D., N. Y., 1951). We, therefore, conclude that the deduction claimed by petitioner on his return is not allowable in whole or in part under any provision of the Code.

In an amended reply, petitioner alleged that the amount of $14,492.92 of the $34,985.94, paid in 1946 in accordance with the judgment of the District Court, represented an amount equivalent to the over-ceiling cost of the lumber, and that a denial of a deduction of that amount would contravene the established concept of income

within the meaning of the Sixteenth Amendment to the Constitution and a taking of property without due process of law within the meaning of the Fifth Amendment. He argues that if he is not allowed as a part of cost of goods sold that part of the judgment in the amount of $14,492.92, the disallowance will wipe out the benefit he received from originally including an identical amount in cost of goods sold and will, in effect, transform what was "cost of goods sold" into a "penalty."

The respondent argues and we agree that the petitioner has included $14,492.92, representing his share of the over-ceiling price paid for the lumber, in his cost of goods sold, see *Lela Sullenger*, 11 T. C. 1076 (1948), and that there is no basis for allowing the petitioner any part of the amount he paid pursuant to such judgment as an additional cost of goods sold.

We feel that petitioner's argument is without merit, and the authorities heretofore cited are against his position.

*Decision will be entered for the respondent.*