FRANK R. ROBERTS and EUNICE R. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket No. 1004-73.
United States Tax Court
T.C. Memo 1975-325; 1975 Tax Ct. Memo LEXIS 49; 34 T.C.M. (CCH) 1421; T.C.M. (RIA) 750325; November 4, 1975, Filed Thomas G. Schleier, for the respondent. *50 SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in and additions to the petitioners' Federal income taxes: Additions to tax Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(b)
1961
$ 1,710.12
$ 855.06
1962
42,955.82
21,477.91
1963
266.87
1964
1,268.00
$317.00
1965
955.92
238.98
1966
1,623.74
However, he also determined that the petitioner Eunice R. Roberts was not liable for the fraud penalties for 1961 and 1962. The Commissioner has conceded the deficiency in and addition to tax for 1961 and has reached a stipulated settlement with the petitioner Eunice R. Roberts as to her liability for the other years in issue. The main issue to be decided is whether the underpayment of Federal income tax in 1962 was due to fraud on the part of the petitioner Frank R. Roberts. We must also decide whether the statute of limitations for the years 1963 through 1966 was extended by agreement of the petitioners. FINDINGS OF FACT The petitioners, Frank R. and Eunice R. Roberts, husband and *51 wife, resided in Chicago, Ill., at the time of filing their petition herein. They filed joint Federal income tax returns for the years 1962 through 1966. Mr. Roberts will sometimes be referred to as the petitioner. The petitioner did not appear, either in person or by counsel, at the trial of this case, although notice thereof was duly sent to him. The Commissioner has been unable to locate him and has moved to dismiss the petition with respect to him for his failure to properly prosecute this action. However, the Commissioner presented evidence to establish fraud on the part of the petitioner for 1962 and to prove that the petitioner had agreed to extend until December 31, 1972, the statute of limitations for each of the years 1963 through 1966. During 1962, the petitioner was paid "finder's fees" of at least $67,500. Some of such fees were paid to the petitioner in cash; on other occasions, he was paid by checks issued through intermediaries. On one such occasion, the petitioner was given a check for $20,000 payable to "Joseph Koss," an unknown person. This check was endorsed in blank by someone using the name "Joseph Koss" and then negotiated by the petitioner for a cashier's *52 check drawn to his order. The petitioner kept no records of the finder's fees which he received in 1962. On their 1962 Federal income tax return, Mr. Roberts reported wages of $2,700.00 paid by the State of Illinois, and Mrs. Roberts reported wages of $10,129.50 paid by the Chicago Board of Education. Although the petitioner knew that the finder's fees were income which must be reported, he did not report them on his return. In October 1966, the Intelligence Division of the Internal Revenue Service instituted a criminal tax investigation of the petitioner for the taxable year 1962. During the course of such investigation, the petitioner repeatedly denied receiving any finder's fees in 1962. He stated that he would be "crazy" not to report such fees on his tax return if he had received them. In December 1969, the petitioner was indicted by a Federal grand jury for the Northern District of Illinois, Eastern Division. Count II of such indictment provided: That on or about December 31, 1963, in the Northern District of Illinois, Eastern Division, FRANK R. ROBERTS, defendant herein, did wilfully and knowingly make and subscribe in 1962 a [sic] United States joint income tax *53 return on behalf of himself and his wife which was verified by a written declaration that it was made under the penalties of perjury, which return he did not believe to be true and correct as to every material matter, as he did not include on said return the sum of $67,500.00 received as finder's fees, and he then and there well knew and believed the income on said return was understated in the amount of $67,500.00; In violation of Title 26, United States Code, Section 7206(1). On December 7, 1970, the petitioner entered a plea of guilty to count II of the indictment and was convicted of such charge. Prior to the expiration of the time prescribed by section 6501(a) for the assessment of income taxes due from the petitioners for each of the taxable years 1963 through 1966, the petitioners and the Commissioner timely executed written agreements pursuant to section 6501(c)(4). Such agreements extended the period of assessment for each of the years 1963 through 1966 to December 31, 1972. The Commissioner mailed the notice of deficiency to the petitioners on November 14, 1972. OPINION The Commissioner agrees that the statute of limitations bars any assessment *54 of tax for the year 1962 unless he establishes that the return was fraudulent. Sec. 6501(c)(1). In addition, section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, an addition to tax equal to 50 percent of the underpayment may be assessed. The main issue to be decided is whether the petitioner's conduct constituted fraud. Fraud is an intentional wrongdoing, and the intent required is the specific purpose to avoid the payment of taxes believed to be owed. Mitchell v. Commissioner,118 F. 2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), supp. opinion 45 B.T.A. 822 (1941); see Ross Glove Co.,60 T.C. 569 (1973); William G. Stratton,54 T.C. 255, 284 (1970). The Commissioner must establish fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Blaine S. Fox,61 T.C. 704 (1974). Since direct evidence of fraud usually cannot be secured, circumstantial evidence may be used to find the required intent. Tsuneo Otsuki,53 T.C. 96, 106 (1969); M. Rea Gano,19 B.T.A. 518 (1930). *55 The petitioner neither appeared at trial nor offered any evidence. The Commissioner introduced evidence to satisfy his burden of proving fraud. Compare Miller-Pocahontas Coal Co.,21 B.T.A. 1360 (1931). We are convinced that such evidence clearly establishes that at least part of the underpayment of tax in 1962 was due to fraud. In 1969, the petitioner plead guilty to and was convicted of filing a Federal income tax return which he did not believe to be true and correct because he knew that he had understated his income. Such conviction conclusively proves that he received finder's fees of $67,500, which he knew were income, but failed to report them on his 1962 return. United States v. Rubin,243 F. 2d 900 (7th Cir. 1957); see Lentin v. Commissioner,226 F. 2d 695 (7th Cir. 1955), affg. 23 T.C. 112 (1954), cert. denied 350 U.S. 934 (1956); United States v. Wainer,211 F. 2d 669 (7th Cir. 1954); Arctic Ice Cream Co.,43 T.C. 68 (1964); John W. Amos,43 T.C. 50 (1964), affd. 360 F. 2d 358 (4th Cir. 1965). The Commissioner has conceded *56 that such conviction does not by itself establish fraud. See United States v. Anderson,254 F. Supp. 177 (W.D. Ark. 1966); cf. Hartman v. United States,245 F. 2d 349 (8th Cir. 1957); Gaunt v. United States,184 F. 2d 284 (1st Cir. 1950), cert. denied 340 U.S. 917 (1951). However, it is evidence from which an intent to avoid the payment of tax may be inferred. Although the inadvertent failure to report income does not establish fraud, the large discrepancy between the petitioner's actual income and the income reported on his tax return, with no satisfactory explanation of the discrepancy, does constitute evidence tending to show fraud. Nathaniel M. Stone,56 T.C. 213, 224 (1971); see Henry v. Commissioner,362 F. 2d 640 (5th Cir. 1966), affg. a Memorandum Opinion of this Court; Factor v. Commissioner,281 F. 2d 100, 129 (9th Cir. 1960), affg. a Memorandum Opinion of this Court, cert. denied 364 U.S. 933 (1961); Harry Feldman,34 B.T.A. 517, 520 (1936); cf. Robert Neaderland,52 T.C. 532 (1969), affd. 424 F. 2d 639 (2d Cir. 1970), *57 cert. denied 400 U.S. 827 (1970). The petitioner kept no books or records of the transactions in which he received the finder's fees. Such failure also may be evidence of a fraudulent intent to evade tax. Estate of Upshaw v. Commissioner,416 F. 2d 737 (7th Cir. 1969), affg. a Memorandum Opinion of this Court, cert. denied 397 U.S. 962 (1970); Mladinich v. United States,394 F. 2d 147 (5th Cir. 1968); Henry v. Commissioner,supra;Tsuneo Otsuki,supra;William H. Parsons,43 T.C. 378 (1964). The concealment of assets or covering up of sources of income is evidence of a fraudulent intent to evade tax. Spies v. United States,317 U.S. 492 (1943). Thus, the petitioner's attempt to conceal the receipt of the finder's fees is an additional indication of fraud. Furthermore, the petitioner's false statements to IRS agents also indicate a fraudulent intent to evade taxes. Estate of Upshaw v. Commissioner,supra;Mladinich v. United States,supra;Robert Neaderland,supra;William H. Parsons,supra; *58 Lillian Kilpatrick,22 T.C. 446, 458 (1954), affd. 227 F. 2d 240 (5th Cir. 1955). While none of these factors alone would be sufficient to establish fraud, together they do clearly establish fraud. Consequently, we hold that the statute of limitations does not prohibit the assessment of a deficiency for 1962, and that the petitioner Frank R. Roberts is liable for the addition to tax for fraud for that year. Secs. 6501(c)(1), 6653(b). For each of the taxable years 1963 through 1966, the petitioners duly executed waivers which extended the period for assessment of tax for each year to December 31, 1972. Sec. 6501(c)(4). Thus, the notice of deficiency for the years in issue, which was sent to the petitioners by certified mail on November 14, 1972, is not barred by the statute of limitations. The Commissioner has established that the statute of limitations does not bar the assessment of deficiencies in and additions to tax for the years 1962 through 1966 and that the addition to tax for fraud should be assessed for the taxable year 1962. Since the petitioner failed to appear for the trial of this case and has presented no evidence to support the allegations *59 made in his petition, he is in default. Rule 149(a), Tax Court Rules of Practice and Procedure. The Commissioner's determination for the years in issue is sustained. Rule 149(b), Tax Court Rules of Practice and Procedure.
To reflect the Commissioner's concession for 1961, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩