(79 South. 287)

No. 22959.

COCO, Atty. Gen., v. ODEN, Sheriff.

(April 29, 1918.     Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

1. CARRIERS ☞13(1) — TELEGRAPHS AND TELEPHONES ☞33(½) — DISCRIMINATORY RATES—FREE PASSES.

It is against the public policy and the law of the state for public officers to accept or receive free passes, or discriminatory rates, from passenger, telegraph, and telephone companies.

2. CARRIERS ☞13(1)—"FREE PASS."

A "free pass," or discrimination in rates, is one for which a full consideration is not given, and the transportation paid for in the usual way, at the usual time and at tariff rates; it "means the privilege of riding over a railroad without payment of the customary fare" (quoting Words and Phrases, Free Pass).

3. CONTRACTS ☞125—VALIDITY.

A contract between a sheriff and a railroad corporation to perform legal services in suits

where the company is a party in exchange for a free pass is contrary to morals, the law, and the public policy of the state, and it is null and void.

4. SHERIFFS AND CONSTABLES ☞6—SUIT FOR FORFEITURE OF OFFICE—PARTY PLAINTIFF.

A suit against a sheriff for forfeiture of his office because he accepted, received, and used a free pass or free transportation, or accepted discriminatory passenger rates, is properly brought by the Attorney General, or district attorney, under article 191 of the Constitution.

5. FORFEITURE OF SHERIFF'S OFFICE—PARTIES PLAINTIFF.

Article 191 · provides that the forfeiture to office shall be "at the suit of the Attorney General, or district attorney."

*(Additional Syllabus by Editorial Staff.)*

6. COURTS ☞224(10)—JURISDICTION—LOUISIANA SUPREME COURT—AMOUNT.

Where the emoluments of a sheriff's office for an unexpired term amounted to over $2,000, as fixed by statute, the Supreme Court had jurisdiction of the Attorney General's appeal from a judgment refusing to forfeit and vacate the sheriff's office.

O'Niell, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Suit by A. V. Coco, Attorney General, in his official capacity, against R. E. Oden, Sheriff of Allen Parish, La., to have the latter's office declared forfeited. Exceptions of no cause of action overruled, and judgment for defendant, dismissing plaintiff's demand, and plaintiff appeals. Judgment reversed, and judgment rendered against defendant, declaring his office forfeited and vacated, and that he be dispossessed.

A. V. Coco, Atty. Gen., in pro. per. Cline & Bell, and Thomas Arthur Edwards, all of Lake Charles, for appellee.

SOMMERVILLE, J. The Attorney General, in his official capacity, brings this suit against R. E. Oden, sheriff of the parish of Allen in this state to have the office of the latter declared forfeited, because defendant accepted from and used a free pass on, and

accepted discriminating passenger rates from, the St. Louis, Iron Mountain & Southern Railway Company in this state, during the incumbency of defendant in office.

Defendant excepted to the jurisdiction of the district court ratione materiæ, which exception was properly overruled. He further excepted on the ground that article 191 of the Constitution, under which the proceeding was brought, is not self-enforcing or self-operative. This exception was also properly overruled. He then filed an exception of no cause of action, which was also overruled.

The law forbids the use of free passes by members of the General Assembly and by public officers of the state; and the allegation that the defendant used a free pass states a sufficient cause of action for the forfeiture of his office. Defendant next excepted that plaintiff is without power, authority, or right in law to institute and prosecute this suit in his own name and person, and that he is likewise without authority or right to stand in judgment herein; that said suit under the law should and must be brought in the name and on relation and on behalf of the state of Louisiana. This exception was also overruled.

The defendant then answered, denying that he had used a free pass, or had received any discrimination in rates from the railroad company mentioned in the petition, but specially answered:

"That all transportation solicited, received or used by appearer on the line of said railway corporation was fully and legally paid for under a legal, valid, enforceable, and executory contract, with a legal, valid, and ample consideration, and that said transportation was neither free nor discriminatory; that to force a forfeiture of appearer's office and the emoluments thereof for receiving and using such transportation under such contract will be to deprive him of his liberty of contract and rights of property without due process of law, in violation of article 5 of the federal Constitution, and in violation of article 2 of the Constitution of the state of Louisiana, and deprive him of the equal protection of the law in violation of the Amend-

ment 14 to the Constitution of the United States, and in contravention of the Constitution of the state of Louisiana."

Defendant asked for trial by jury, which request was granted. There was judgment in favor of defendant, dismissing plaintiff's demand, and plaintiff has appealed.

Article 191 of the Constitution under which the Attorney General proceeded in this case is, in part, as follows:

"No member of the General Assembly, or public officer, or person elected or appointed to a public office, under the laws of this state, shall directly or indirectly, ask, demand, accept, receive, or consent to receive, for his own use or benefit, or for the use or benefit of another, any free pass, free transportation, franking privilege, or discrimination in passenger, telegraph, or telephone rates, from any person or corporation, or make use of the same himself or in conjunction with another.

"Any person who violates any provision of this article shall forfeit his office, at the suit of the Attorney General, or the district attorney, to be brought at the domicile of the defendant, and shall be subject to such further penalty as may be prescribed by law."

The authorization of the Attorney General to sue for the forfeiture of the title to office of the persons named in the article is clear. It is not therein intimated that the proceeding should be in the name of the state, or on behalf of the state.

[4, 5] The exception filed to the right of the Attorney General to proceed against defendant seems to be based on the theory that the suit should have been filed under R. S. § 2593, which provides for suits against usurpers and intruders into office, in which case it appears to be provided that the suit must be brought in the name of the state. But this is not a suit against a usurper or an intruder into office. It is a suit to destitute an officer of his office, and it was properly brought by the Attorney General under article 191. The Attorney General has literally complied with the article in bringing the suit. He expressly states that the suit is instituted under authority of the article of the Constitution providing for "forfeiture of office," and, if the state should be a party to the suit, it has been made so, impliedly, by the Attorney General proceeding in the manner in which he has done.

The House of Representatives have the sole power of impeachment of the Governor and other named officers (article 218), and under article 222, the impeachment of other officers must be sued for in court. As the state is mentioned in the last article as a party to such suit, it is necessary that the state should be made a party in the impeachment of such officers.

The exception to the right of the Attorney General to file the suit was properly overruled.

The exception to article 191, not being self-operative, is without merit. It provides in terms for the forfeiture of office on the commission of certain offenses against the law therein stated, and it provides the remedy. "The suit of the Attorney General or the district attorney" must be brought in the courts of the state, and may not be brought elsewhere, at the domicile of the defendant. The article is self-operative.

[1-3] The admission of the defendant in his answer, and the evidence introduced at the trial of the case on the merits, is conclusive that defendant accepted and used a free pass from the St. Louis, Iron Mountain & Southern Railway Company in the years 1915–16, during his incumbency in office as sheriff of the parish of Allen. He therefore violated the law of the state, which forbade the acceptance and use of such free pass.

The defense that the defendant entered into a contract with the railroad company whereby the pass accepted by him from the railroad company was to be full consideration for all sheriff's fees which might be incurred by said railroad company in suits in the court of which defendant was sheriff is absolutely without merit. It was incompetent on the part of the sheriff to charge any other fees

than those fixed in the fee bill, and which were to be charged to all litigants and collected from them in cash by the sheriff. It was not competent for the sheriff to make the contract alleged to have been made. And the pass which he received from the railroad company in consideration of such fees was a free pass, and there was discrimination in passenger rates in his favor under such illegal, null, and void contract.

A free pass or discrimination in rates is one for which a full consideration is not given, and the transportation is not paid for in the usual way, at the usual time and at tariff rates.

"A 'free pass' means the privilege of riding over" a railroad "without payment of the customary fare." Perkins v. N. Y. Cent. R. Co., 24 N. Y. 196, 203 (82 Am. Dec. 281); Words and Phrases, p. 2967.

The contract set up by the defendant is contra bonos mores, it is immoral, and it is against the public policy of the state. The law forbids the acceptance of a free pass for use by an officer of this state, and defendant has forfeited his office by the acceptance and use of such pass.

[6] Defendant has moved to dismiss the appeal on the ground that this court is without jurisdiction. There was an admission on the trial of the case "that the emoluments of office of sheriff for the unexpired term in this case is worth over $2,000, as fixed by statute." There is more than the right to office therefore involved. The right to the fees of the office, which exceed $2,000 is involved, and the court has jurisdiction. The motion to dismiss is denied.

It is therefore ordered, adjudged, and decreed that the verdict of the jury and the judgment based thereon be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against R. E. Oden, sheriff of Allen parish, declaring the office of sheriff held by him to be forfeited and vacated, and that he be dispossessed thereof.

O'NIELL, J., is of the opinion the proceeding should have been brought in the name of the state, by or on the relation of the Attorney General, or district attorney, and, therefore he respectfully dissents.