TRAINER *et al. v.* CITY OF COVINGTON *et al.*

HUTCHESON, Justice. In a suit brought to enjoin consummation and for cancellation of a contract entered into between a city and its mayor for the sale of a truck to the city by the mayor, it appeared on interlocutory hearing that said contract was entered into pursuant to the acceptance of a bid submitted to the city council by the mayor with other bids, which bids were submitted at the instance and request of certain members of the council composing the street committee, who had decided that the city needed a new truck, and that the charter of the city (Ga. L. 1918, pp. 630 et seq.) provided that the city may enact "through its mayor and councilmen such ordinances, rules, regulations and resolutions for the transaction of its business and the welfare and proper government of said city as [to] the said mayor and council may seem best," and "that the government of said city shall be vested in a mayor and six councilmen," and "that the mayor and council shall meet for the transaction of business," and "at all the meetings of the mayor and council the mayor, if present, shall preside, and he may· vote in all cases of a tie," and "that said mayor and council shall have the superintendence and control of the streets, sidewalks, bridges, and alleys, and of the public square, parks, and cemeteries in said city, and that the mayor "shall see that all laws, ordinances, resolutions, and rules of said city are faithfully executed; he shall have general jurisdiction of the affairs of said city." *Held:*

1. Said contract is invalid, although the mayor did not vote for its approval or exercise his influence in procuring members of the council to vote for its approval, and although it is fair and free from fraud, and was based on the lowest and most advantageous bid submitted. *Mayor &c. of Macon* v. *Huff*, 60 *Ga.* 221; *Hardy* v. *Gainesville*, 121 *Ga.*

327 (48 S. E. 921); *Twiggs* v. *Wingfield*, 147 *Ga.* 790 (95 S. E. 711, L. R. A. 1918E, 757); *Montgomery* v. *Atlanta*, 162 *Ga.* 534 (2) (134 S. E. 152, 47 A. L. R. 233).

2. Such contracts are invalid although there may be no statute or charter provision prohibiting them, as the rule invalidating such contracts is based upon public policy, and not upon statutory or charter provisions. *Mayor &c. of Macon* v. *Huff; Montgomery* v. *Atlanta;* supra; Stockton Plumbing &c. Co. v. Wheeler, 68 Cal. App. 592 (229 Pac. 1020); Ensley v. Hollingsworth, 170 Ala. 396 (54 So. 95, Ann. Cas. 1912D, 652); Smith v. Albany, 61 N. Y. 444; Seaman v. New York, 172 App. Div. 740 (159 N. Y. Supp. 563)—aff. 225 N. Y. 648 (121 N. E. 889); Goodyear v. Brown, 155 Pa. 514 (26 Atl. 665, 35 Am. St. R. 903, 20 L. R. A. 838); Cheney v. Unroe, 166 Ind. 550 (77 N. E. 1041, 117 Am. St. R. 391); 19 R. C. L. 921, § 221; 22 R. C. L. 460, § 121.

3. Under these rulings and the evidence adduced on the hearing, the judge erred in refusing an injunction.

*Judgment reversed. All the Justices concur.*

No. 11633. FEBRUARY 9, 1937.

*Reuben M. Tuck,* for plaintiffs.
*C. C. King,* for defendants.