**HELVERING, Commissioner of Internal Revenue, v. A. L. KILLIAN CO.**

· No. 12164.

Circuit Court of Appeals, Eighth Circuit.

May 15, 1942.

Louise Foster, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Helen Goodner, of Washington, D. C. (George E. H. Goodner and D. F. Prince, both of Washington, D. C., on the brief), for respondent.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals reversing a determination of a deficiency in respondent's income tax for the year 1935. The question presented is whether respondent received taxable income during the year 1935 under § 22 of the Internal Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669, as a result of a transaction by which the purchase price of real property, a portion of which was payable by respondent in 1935, was reduced and the notes evidencing respondent's liability for the balance of the purchase price were replaced by other notes for a lesser amount.

The facts, as found by the Board of Tax Appeals, are not disputed. During the taxable year 1935, the respondent, A. L. Killian Company, a corporation, was engaged in business at Norfolk, Nebraska. In 1920 it purchased real property for a consideration of $100,000, paying $10,000 in cash at the time of purchase, $10,000 in the year 1921, and giving to the vendor its notes for $80,000, maturing on February 1, 1935. The notes were secured by a purchase-money mortgage on the property. When respondent's notes became due in 1935, the fair market value of the property was not in excess of $60,000. The respondent at that time had large outstanding obligations but was not insolvent. It offered to convey the real property to the vendor in settlement of its liability on the notes. The vendor refused to accept this offer, but proposed to reduce the purchase price of the property by $20,000 and to accept $60,000 in full settlement of the balance due on the purchase price, provided the respondent would pay $5,000 cash and execute new notes for $55,000 secured by a new mortgage on the property. Respondent accepted the vendor's offer, paid $5,000 in cash, delivered new notes for $55,000, and received its old notes in the sum of $80,000 from the vendor.

The Board of Tax Appeals found that because of the shrinkage in value of the property purchased, and the resulting decrease in the assets of respondent, the par-

434

ties had made a new agreement in 1935 reducing the purchase price to conform more nearly to the real value of the property at the time the new agreement was executed. The decision was that the transaction in question resulted in no taxable gain to the respondent.

The Commissioner contends that the transaction between respondent and its creditor constituted nothing more nor less than a cancellation of indebtedness of the respondent resulting in a realization by it of taxable income in the year in which the cancellation was made, relying upon Commissioner v. Coastwise Transportation Company, 1 Cir., 71 F.2d 104; Haden Company v. Commissioner, 5 Cir., 118 F.2d 285; Helvering v. American Chicle Company, 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891; United States v. Kirby Lumber Company, 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131; and Helvering v. Jane Holding Corporation, 8 Cir., 109 F.2d 933.

It is true that a release or cancellation of indebtedness may result in taxable income. Helvering v. Jane Holding Corporation, supra. But in determining what constitutes income, substance rather than form must be given controlling weight. Bowers v. Kerbaugh-Empire Company, 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886; Hirsch v. Commissioner, 7 Cir., 115 F.2d 656; Ruben v. Commissioner, 8 Cir., 97 F.2d 926. The transaction out of which the supposed income arises must be viewed in its entirety. "The mere diminution of loss is not gain, profit, or income." Bowers v. Kerbaugh-Empire Company, supra [271 U.S. 170, 46 S.Ct. 451, 70 L.Ed. 886].

The transaction in question here was not a mere cancellation of indebtedness, but was a reduction in the purchase price of property brought about by shrinkage in the value of the property and the consequent decrease in the assets of the taxpayer. The transaction was one in which respondent procured a decrease in his capital loss. When the transaction concerning the purchase of the real estate is viewed in its entirety, it is apparent that by it nothing of exchangeable value has moved to the taxpayer. The net result of the transaction is that respondent has contracted to pay $80,000 instead of $100,000 for property worth $60,000.

The cases relied upon by the petitioner are not in point on the facts in the present case. In Commissioner v. Coastwise Transportation Company, a taxpayer purchased notes issued by it to a seller of ships at a price less than the issuing price. The notes were purchased for the taxpayer from the seller of the ships by an intermediary. But the transaction was not considered as a reduction in the price of ships but purely as a purchase of the taxpayer's obligations at less than the issuing price. The court based its decision that the taxpayer had realized income upon the fact that the transaction had nothing to do with reduction in the purchase price of the ships. In the Kirby Lumber Company case, the taxpayer purchased its bonds in the open market at a price less than the issuing price. There was no shrinkage in its assets. In the American Chicle Company case, the taxpayer bought the assets of another and assumed the seller's bonds. It purchased the bonds of the seller in the open market at less than face value. It was held that in the absence of proof that the taxpayer suffered loss on the whole transaction, a taxable gain had been realized. In Haden Company v. Commissioner, it was held that the cancellation of indebtedness of the taxpayer did not constitute a gift to the taxpayer, but the receipt by it of taxable income. The indebtedness canceled represented the taxpayer's obligations for rent and materials purchased from its creditor, for which it had claimed and had been allowed deductions in its income tax returns for prior years. The matter involved in Helvering v. Jane Holding Corporation was also the cancellation of an indebtedness for interest for which the taxpayer had been allowed deductions in prior income tax returns.

This case is in all respects like Hirsch v. Commissioner, supra. There the taxpayer in 1928 purchased real estate for the sum of $29,000, paying $10,000 in cash and assuming a mortgaged indebtedness of $19,000. In April 1936, the balance of the purchase price unpaid was $15,000 and the property had depreciated in value to $8,000. Exactly as in the present case, the taxpayer offered to convey the property to his creditor in satisfaction of the debt, and the creditor refused but offered to reduce the purchase price to $8,000. The creditor's offer was accepted and the transaction was closed. The Commissioner of Internal Revenue treated the transaction as a cancellation of indebtedness in the sum of $7,000 and determined a deficiency in the taxpayer's income tax which the Board of Tax Appeals affirmed. The court reversed saying that, viewed as a whole, the transaction involved was in its essence a reduction in the pur-

 

chase price of the property, the cancellation of indebtedness being an incident in the real agreement between the parties. The cases of Bowers v. Kerbaugh-Empire Company and Ruben Company v. Commissioner, supra, were relied upon as sustaining the court's position. The same result was reached upon similar facts in Hextell v. Huston, D.C., 28 F.Supp. 521. And see Borin Corporation v. Commissioner, 6 Cir., 117 F.2d 917.

The decision of the Board of Tax Appeals was correct and is affirmed.