OPINION. Opper, Judge: Because the Hebrew Theological Seminary in Palestine, which was the recipient of petitioner’s payment, does not qualify under Internal Revenue Code, section 23 (q) — defining organizations to which contributions by corporations are deductible— petitioner must seek to establish its right to a deduction as an ordinary and necessary business expense under the more general provisions of section 23 (a). Such was the posture of all religious and charitable contributions before the Revenue Act of 1935, which, by section 23 (q), first allowed deductions of that nature to be taken by corporations. The law developed up to that time was in accord with respondent’s regulations, which are not substantially dissimilar to those here involved,[1] and which require that the donations “bear a-direct relationship to the corporation’s business” and be “made with a reasonable expectation of a financial return commensurate with the amount of the donation.” Although there can be little doubt that the contributions to the seminary were prompted by a complex of motives, the desire to make a religious contribution and to preserve an institution founded by the father of petitioner’s present officers will not disqualify the deduction as a business expense, provided there are also reasonably evident business ends to be served, and the intention to serve them appears adequately from the record. Luther Ely Smith, 3 T. C. 696. The maintenance of the seminary in the family name and its apparent advantages, both from an advertising standpoint and as a means of demonstrating the close relationship between petitioner and Orthodox Jewry, seem to us adequately brought forth by the record. Julia Dahl et al., Executors, 24 B. T. A. 1167. The deduction as an ordinary and necessary business expense should have been allowed. Singer Sewing Machine Co., 5 T. C. 851; affd. (C. C. A., 2d Cir.), 158 Fed. (2d) 982; certiorari denied, 331 U. S. 837. The disposition of the remaining issue in favor of petitioner follows from our findings of fact. We have found that in the taxable year most of the machinery which petitioner acquired during that year was dismantled and brought to petitioner’s Jersey City plant; that the machinery was damaged in the process; and that it was discovered that deterioration was present. Petitioner thereupon decided not to put this machinery to any further use and placed it in a factory “graveyard” for such equipment. Respondent seeks to negative this conclusion by emphasizing the fact that petitioner did not leave the machinery in question in the Bronx factory where it had been used, but terminated the lease there and brought the machinery to Jersey City. However, petitioner has sufficiently demonstrated that, after it had this machinery in its Jersey City plant, it decided to and did abandon it. United States Industrial Alcohol Co., 42 B. T. A. 1323; modified (other issues) (C. C. A., 2d Cir.), 137 Fed. (2d) 511. This is corroborated by the fact that this machinery was never used again, and was disposed of as junk on July 31, 1945. Reviewed by the Court. Decision will be entered v/nder Rule 50. Regulations 111, sec. 29.23 (a)-13.