OPINION. TURNER, Judge: It is the contention of the petitioners that they sold their interests in Boreva at February 1, 1947, at the basis therefor to them, and that the losses were sustained under the agreement of August 25,1947, in a transaction separate and apart from the sale, and that the latter transaction was not a sale of a capital asset and the resulting loss not a capital loss, but an ordinary loss deductible in full. They cite and rely upon Hale v. Helvering, 85 F. 2d 819, as being controlling. It is the position of the respondent that the various agreements, including the agreement of August 25, 1947, and the steps taken thereunder, were part and parcel of one transaction, namely, the sale by the petitioners of their partnership interests, and that the losses sustained were capital losses, as determined. It is our opinion and we hold that the losses were sustained from the sale by petitioners of their capital interests in the partnership and that the respondent did not err in his determination with respect thereto. The mere fact that there would have been no losses if the terms of the sale as originally agreed upon had remained unchanged and the payments pursuant thereto had been made does not on the facts indicate or require the conclusion that the losses were sustained in a transaction separate and apart from the sale. After the initial payments, but later in the same year and before any of the installments had become due and payable, the petitioners, for reasons which were solely their own, saw fit to renegotiate the unexecuted portions of the sales agreement, namely, the deferred payment provisions, to the end that for a present cash payment in lieu of later payments in installments, as theretofore provided, the petitioners agreed upon and accepted reduced prices for their interests in Boreva. These renegotiated provisions superseded the provisions which had originally prescribed the terms, dates, and amounts of payment, and the transaction was closed pursuant thereto. See Borin Corporation, 39 B. T. A. 712, affd. 117 F. 2d 917; Pinkney Packing Co., 42 B. T. A. 823; and Des Moines Improvement Co., 7 B. T. A. 279. See also Hirsch v. Commissioner, 115 F. 2d 656, reversing 41 B. T. A. 890, which reversal was followed in A. L. Killian Co., 44 B. T. A. 169, which in turn was affirmed at 128 F. 2d 433. Hale v. Helvering, on which the petitioners most strongly rely, is not this case. There the transaction was the compromise settlement of a past due obligation, and the question was whether there had been a sale of the obligation. In the instant case, and prior to the dates the remainder of the purchase price was to become due, there was a renegotiation, adjustment, or revamping of the sale itself both as to price and the terms of payment. We accordingly do not reach the question considered and decided in the Hale case. L. D. Coddon & Bros. Inc., 37 B. T. A. 393, also cited and relied on by the petitioners, is likewise distinguishable. The distinction made in the case of Des Moines Improvement Co., supra, applies with equal force to the instant case. Furthermore, as already pointed out, there was in fact in the instant case a renegotiation and revision of the unexecuted provisions of the sales contract itself and the substitution of new provisions therefor. In passing, attention is called to the decision of the Supreme Court in Arrowsmith v. Commissioner, 344 U. S. 6. In that case, the original transaction had been regarded as finally closed some 4 years prior to the taxable year. But, due to judgments subsequently obtained by third parties, payments were required of the taxpayers, resulting in losses to them. It was the opinion of the Supreme Court that the character of the losses which so resulted as capital losses or ordinary losses was to be determined by reference to the original transaction. The original transaction having been a capital gain or loss transaction, the losses actually incurred in years after the transaction was regarded as closed were held to be capital losses. Decisions will be entered under Bule 50.