WM. T. STOVER CO., INC., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46766.   Filed November 30, 1956.

*E. Charles Eichenbaum, Esq.*, and *W. S. Miller, Jr., Esq.*, for the petitioner.

*C. H. Cobb, Esq.*, for the respondent.

OPINION.

TURNER, *Judge:* With respect to the $784.91 expended for the round-trip airplane ticket to England at the behest of the Arkansas Medical Society, we are unable to distinguish this case in principle from *Textile Mills Securities Corporation* v. *Commissioner*, 314 U. S. 326, and on the basis of the pronouncements of the Supreme Court of the United States in its opinion in that case, that issue is decided for the respondent.

With respect to the cabin cruiser owned by petitioner and maintained and operated on Lake Hamilton, the facts show that the boat was used in part for entertainment in the promotion of petitioner's business and in part for the personal pleasures of its stockholders. They further show that except for payments for gasoline when Stover was using the boat personally, petitioner paid all of the cost of operation and maintenance, and in its returns it deducted as ordinary and necessary expenses in carrying on its business the entire amounts of the expenditures incurred by it for such operation and maintenance. It is the claim of petitioner that respondent erred in allowing the deduction of only one-half of the expenditures so made and that the claimed deductions should have been allowed in full.

The evidence falls short of establishing error on the part of the respondent. The records maintained and the proof submitted do not even closely indicate the portion of the expenditures which should be attributed to petitioner's business and the portion which was personal to its stockholders. The signatures in the guest book supply the only basis, aside from the broad assertions of Stover, which assertions other proof shows were not accurate, for arriving at any reasonably accurate allocation of the use of the boat as between petitioner's business and the personal pleasures of the stockholders. We are satisfied, however, from Stover's own testimony, that the guest book does not supply the whole story. He admitted that all guests did not sign. Some of the signatures are out of order according to dates, and we do not know, on a comparative basis, the extent of the use of the boat by the

sons of another stockholder. Such being the state of the record, we are unable to say that the respondent erred in disallowing one-half of the deduction claimed for each year, and for failure to sustain its burden of proof, petitioner's claim is denied.

In 1949 and 1950, petitioner made contributions to building funds of three Arkansas hospitals, and claimed deduction therefor in its returns for the said years, as expenses of operation. In his determinations of deficiency, the respondent disallowed the deductions so claimed.

On the ground that the contributions were made in promotion of its business, and relying on the testimony of Stover, its president, to the effect that the making of the contributions was "cold blooded business" and that its business with the hospitals increased thereafter, petitioner in this proceeding contends that the contributions were ordinary and necessary expenses in the operation of its business, within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code of 1939, and are deductible thereunder as claimed.

It is the position of the respondent that the amounts in question are deductible under section 23 (q) of the Code only, and since the deductions under that section are limited to an amount which does not exceed 5 per cent of the taxpayer's net income, computed without benefit of section 23 (q) [4] deductions, and a deduction of such 5 per cent has been allowed under section 23 (q) for each of the years herein, his disallowance of the deductions in question must be sustained.

In our view, the position of the respondent is well taken. It is not disputed that each of the three hospitals was of such character that contributions by a corporation to them would be allowable deductions to the corporation under section 23 (q) (2), and in section 23 (a) (1)

---

[4] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(q) CHARITABLE AND OTHER CONTRIBUTIONS BY CORPORATIONS.—In the case of a corporation, contributions or gifts payment of which is made within the taxable year to or for the use of:

\* \* \* \* \* \* \*

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States, or of any State or Territory, or of the District of Columbia, or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, veteran rehabilitation service, literary, or educational purposes or for the prevention of cruelty to children (but in the case of contributions or gifts to a trust, chest, fund, or foundation, payment of which is made within a taxable year beginning after December 31, 1948, only if such contributions or gifts are to be used within the United States or any of its possessions exclusively for such purposes), no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation ; \* \* \*

\* \* \* \* \* \* \*

to an amount which does not exceed 5 per centum of the taxpayer's net income as computed without the benefits of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary.

(B)[5] we find the categorical provision that no deduction shall be allowable to a corporation under section 23 (a) (1) (A) "for any contribution or gift which would be allowable under subsection (q) were it not for the 5 per centum limitation therein contained."

Section 23 (q) was first enacted in the Revenue Act of 1935. Prior to that time, there was no specific provision granting deductions to corporations for contributions or donations made to organizations such as the three hospitals herein, and if deduction of such donations or contributions was to be had, it was necessary that they have such relation to the operation of the corporate business as to make them ordinary and necessary expenses in the operation thereof. With the enactment of section 23 (q), contributions and donations became deductible by corporations up to the limit prescribed, without regard to whether they were sufficiently closely related to the corporate business as to reasonably constitute them expenses thereof. Prior to 1938, however, the revenue laws contained no counterpart of section 23 (a) (1) (B) above. That provision first appeared as section 23 (a) (2) of the Revenue Act of 1938, and since that time contributions and donations deductible under section 23 (q) have not been deductible as ordinary and necessary expenses under section 23 (a) (1) (A).[6]

It is too well settled to require the citation of authorities that deductions from gross income are matters of legislative grace, and by section 23 (a) (1) (B), Congress has made it clear that the contributions in question are not deductible under section 23 (a) (1) (A), but must be lumped with other contributions in arriving at the amount deductible under section 23 (q). The respondent was not in error in his determination.

In support of its claim that the contributions to the three hospitals are deductible under section 23 (a) (1) (A), the petitioner cites

---

[5] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
 In computing net income there shall be allowed as deductions :
  (a) EXPENSES.—
   (1) TRADE OR BUSINESS EXPENSES.—
   *       *       *       *       *       *       *
   (B) Corporate Charitable Contributions.—No deduction shall be allowable under subparagraph (A) to a corporation for any contribution or gift which would be allowable as a deduction under subsection (q) were it not for the 5 per centum limitation therein contained and for the requirement therein that payment must be made within the taxable year.

[6] The Committee on Ways and Means, in reporting the Revenue Bill of 1938 to the House, H. Rept. No. 1860, 75th Cong., 3d Sess., p. 17, explained the proposed change as follows :
   Under section 23 (q) of the Revenue Act of 1936 a corporation is allowed a deduction (limited to 5 percent of the net income), for contributions or gifts made to organizations described in such section (so-called charitable organizations). In some cases a contribution or gift to such an organization may also fall within the description of business expenses. Section 23 (a) allows a deduction for business expenses. Consequently, a corporation may claim it is entitled to obtain the benefit of deductions for such gifts and contributions, as business expenses, the effect of which would be that the amount of the deductions for contributions or gifts would exceed the 5 percent limitation contained in such section 2? (q). This is no longer possible under the bill. * * *

*Fairmount Creamery Corporation* v. *Helvering*, 89 F. 2d 810; *B. Manischewitz Co.*, 10 T. C. 1139; *Singer Sewing Machine Co.*, 5 T. C. 851, affd. 158 F. 2d 982; and *A. L. Killian Co.*, 44 B. T. A. 169, affd. 128 F. 2d 433. The *Fairmount Creamery, Singer Sewing Machine,* and *Killian* cases all involved contributions made in years prior to the enactment of the Revenue Act of 1938, when there was no provision in the statute comparable to section 23 (a) (1) (B) herein, and as a consequence, those cases are of no controlling importance in the instant case. The contributions under consideration in the *Manischewitz* case were made in the fiscal year ended July 31, 1943, and that case might on first impression appear to be in point. It is to be noted, however, that section 23 (q) applies to corporations, trusts, foundations, etc., created or organized in the United States or in any possession thereof, or under the law of the United States, or of any State or territory, or of the District of Columbia, or of any possession of the United States. In the *Manischewitz* case, we pointed out that the recipient of the contribution was the Hebrew Theological Seminary in Palestine, and that the deductibility of the contribution in question was not governed by section 23 (q), but by section 23 (a). The *Manischewitz* case likewise is not in point.

With respect to his disallowance of the $2,000 paid to Moody Moore, the respondent is also sustained.

Section 901, Title 40, of the Arkansas Statutes 1947, makes it unlawful for anyone to deliver any goods, money, or any other valuable thing "to any officer of the State, or person holding any place of profit or trust, under any law of the State." with intent to influence his decision on any question, matter, cause, or proceeding which may be pending or may be brought before him in his official capacity, or in his place of trust.

It is petitioner's contention that there is no Arkansas statute prohibiting an employee of the State from accepting outside employment, nor is there any declared policy prohibiting the outside employment; that in order that it might compete effectively with out-of-State firms which had hospital consultants, it employed Moore as its "hospital consultant"; that Moore's duties were to determine whether hospital equipment to be ordered would meet the requirements of the United States Public Health Service; to confer with architects about the equipment to be installed in newly constructed hospitals, and to assist petitioner in the collection of overdue accounts; that there is no evidence of violation of any State- or Federal-declared policy, or of any use of political influence; and that the claimed salary deduction should have been allowed.

In our opinion, the petitioner has not only failed in its analysis and evaluation of the facts shown of record, but on those facts, it is likewise in error as to applicable law. Under the Division of Hospitals Act

Moore, as Director of the State's Division of Hospitals, was a "full time salaried" official and employee of the State of Arkansas, and the evidence is clear, and we have found as a fact, that his employment by petitioner, a private business concern, was for the purpose of procuring for it an improper advantage in business transactions, in respect of which Moore, as such official and employee, was obligated both to the State and the Federal Government. Patently the arrangement was a betrayal of the public interest and antagonistic and contrary to established policy, State and Federal.

And it is not necessary to the conclusion stated that by and under the arrangement between petitioner and Moore the public actually suffered a financial disadvantage. That a public office is a public trust, is fundamental, and requires no citation of authorities. It is equally well settled that it is against public policy for a public officer, by contract or agreement with outside or private interests, to place himself in a position inconsistent with his duties and responsibilities as such public officer, or in a situation where he may in reason be tempted to serve such outside or private interests to the prejudice of the public for whom the law authorized and required him to act. See, in that connection, *Pan American Petroleum & Transport Co.* v. *United States*, 273 U. S. 456; *Crocker* v. *United States*, 240 U. S. 74; *United States* v. *Carter*, 217 U. S. 286, 306; *Providence Tool Co.* v. *Norris*, 2 Wall. 45; *McLain* v. *Miller County*, 180 Ark. 828, 23 S. W. 2d 264, wherein it was held that a contract entered into by a public official in his individual capacity, the effect of which was to create a personal interest which might conflict with his public duty, was contrary to public policy; *State* v. *Bunch*, 119 Ark. 219, 177 S. W. 932; *Russell* v. *Tate*, 52 Ark. 541, 13 S. W. 130; *Sellars* v. *Lamb*, 303 Mich. 604, 6 N. W. 2d 911; *Coco* v. *Odin*, 143 La. 718, 79 So. 287, wherein a contract between a sheriff and a railway corporation to perform legal services in a suit where the company was a party, in exchange for a free pass, was held to be contrary to the morals and public policy of the State, and null and void; *Cheney* v. *Unroe*, 166 Ind. 550, 77 N. E. 1041; *Waymire* v. *Powell* 105 Ind. 328, 4 N. E. 886; *Tuscan* v. *Smith*, 130 Me. 36, 153 Atl. 289; and *Trainer* v. *Covington*, 183 Ga. 759, 189 S. E. 842, wherein it was held that the stated principle was applicable, even though there might be no statute or charter provision prohibiting the contracts involved.

The petitioner cites and relies on *Lilly* v. *Commissioner*, 343 U. S. 90; *Alexandria Gravel Co.* v. *Commissioner*, 95 F. 2d 615, reversing 35 B. T. A. 323; and *Aetna-Standard Engineering Co.*, 15 T. C. 284. *Lilly* v. *Commissioner* and *Aetna-Standard Engineering Co.* do not involve the employment, or attempted employment, of public officials, and plainly are not in point. And whatever may be said of *Alexandria Gravel Co.* v. *Commissioner*, the employment in that case was

not with relation to matters in respect of which the person employed had direct official duties and responsibilities, and the reasoning of the court in that case is likewise not in point.

*Rugel* v. *Commissioner*, 127 F. 2d 393; *Harden Mortgage Loan Co.* v. *Commissioner*, 137 F. 2d 282; *Raymond F. Flanagan*, 47 B. T. A. 782; *Charles H. McGlue*, 45 B. T. A. 761; *T. G. Nicholson*, 38 B. T. A. 190; and *Easton Tractor & Equipment Co.*, 35 B. T. A. 189, stand for the proposition that expenditures made to or by outside or private individuals for the purpose of influencing public officials and developing political influence, are contrary to public policy, and not deductible as ordinary and necessary expenses under section 23 (a) (1) (A). In the instant case, the payments in question were not to private or outside parties, but were directly to the public official himself. The payments here, if allowed as deductions, would be "to frustrate sharply defined * * * policies" of the State of Arkansas and the Federal Government, and such being the case, they are not ordinary and necessary expenses within the meaning of section 23 (a) (1) (A). See *Lilly* v. *Commissioner*, *supra*; *Commissioner* v. *Heininger*, 320 U. S. 467, 473; *Burroughs Building Material Co.* v. *Commissioner*, 47 F. 2d 178; *Great Northern Railway Co.* v. *Commissioner*, 40 F. 2d 372; *Sam Mesi*, 25 T. C. 513; *Julian Lentin*, 23 T. C. 112, affd. 226 F. 2d 695; *Joseph Salzman*, 21 T. C. 777; *Henry Watterson Hotel Co.*, 15 T. C. 902, affd. 194 F. 2d 539; and *Anthony Cornero Stralla*, 9 T. C. 801, 820, 821. The respondent did not err in his disallowance of the deduction claimed.

*Decision will be entered for the respondent.*