HARTLESS LINEN SERVICE COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64138. Filed August 10, 1959.

*Jackson L. Boughner, Esq.*, for the petitioner.
*Paul Levin, Esq.*, and *Don S. Harnack, Esq.*, for the respondent.

WITHEY, *Judge:* The respondent determined deficiencies in the petitioner's income tax for the years and in the amounts as follows:

| Year | Amount |
| --- | --- |
| 1953 | $4,120.12 |
| 1954 | 2,876.21 |

The sole issue presented for our decision is the correctness of the respondent's action in determining that the contributions made by the petitioner to Christian Science churches and societies during 1953 and 1954 are not deductible as ordinary and necessary business expenses under section 23(a) of the Internal Revenue Code of 1939 and section 162(a) of the Internal Revenue Code of 1954. The respondent has determined that the payments made during those years are deductible in part as charitable contributions under sections 23(q) of the 1939 Code and 170(a) of the 1954 Code.

### FINDINGS OF FACT.

Some of the facts are stipulated and are found accordingly.

Petitioner is a corporation organized under the laws of the State of Illinois in 1925 and during the years in issue was engaged in the linen supply and service business. Petitioner filed its income tax returns for 1953 and 1954 with the director of internal revenue at Chicago, Illinois.

During the years in issue Robert B. Hartless was president of petitioner and his wife was its secretary. Hartless owned all of the common stock of petitioner.

Hartless was raised in the Christian Science religion. He became a member of the Fifteenth Church of Christ, Scientist, Chicago, Illinois, in 1925 and was a member of that church during 1953 and 1954.

During 1953 the petitioner disbursed by check $9,550 to 86 Christian Science churches located in Illinois and Wisconsin, and in 1954 it issued checks totaling $7,400 to 68 Christian Science churches and societies in Illinois and Wisconsin. The amount of each contribution varied from $100 to $150.

Each of the payments made to Christian Science churches in 1953 was accompanied by a letter of transmittal which reads substantially as follows:

> The contributor is trying to help the cause of Christian Science by assisting in making it possible for various Wisconsin and Illinois Organizations to give more lectures, etc. This check should be used to that end, but if your board feels that it has a more urgent need, please explain for approval.
>
> This company advertises constantly in the Christian Science Monitor and we would appreciate being informed of any prospects in the area who might be interested in our rental services. Please acknowledge.

Each of the payments made to Christian Science churches in 1954 was accompanied by a letter of transmittal which reads substantially as follows:

> The enclosed check is being forwarded in the hope that its acceptance will mean the giving of an additional Christian Science lecture. If this is not possible or advisable it may be accepted if the amount is specifically earmarked for lecture purposes.
>
> This assistance is being extended to certain branch organizations in Illinois and Wisconsin if located where our Company operates.
>
> For your information we are constant advertisers in The Christian Science Monitor and would appreciate being informed of any prospective users of our commercial linen service.
>
> An acknowledgement is necessary to meet the requirement of the Director of Internal Revenue.

The Internal Revenue Service has ruled that all Christian Science churches and societies are organizations of the type described in section 170(c)(2) of the 1954 Code and section 23(q) of the 1939 Code and prior revenue acts.

Each Church of Christ, Scientist, is operated by a board of directors which varies in size up to a maximum of 10 members. It is the practice of each such board of directors to select a clerk who acts as secretary at meetings of the directors, handles correspondence of the church, and acknowledges the receipt of church contributions.

Contributions to Churches of Christ, Scientist, are handled variously in different churches. In some churches such contributions are known solely to the clerk, who writes an acknowledgment without disclosing to anyone the identity of the donor. In other churches, the name of the contributor is made known to the board of directors, and all letters of transmittal accompanying such donations are read to the board. Occasionally, in very small churches, the name of the donor may be made known to the entire congregation and his letter of transmittal may be read to them. On two occasions, the contributions made by petitioner during 1953 and 1954 were known to the congregations of the recipient churches.

Most Christian Science churches attempt to give at least one public lecture each year. The maximum number of lectures given by any one church is six. At such lectures, no acknowledgment to an individual donor is made public.

Each Christian Science church has an advertising committee, the function of which is to locate local advertisers in the Christian Science Monitor. The Christian Science Monitor is a nationally known newspaper published by the Christian Science Publishing Company of Boston, Massachusetts. The advertising committee in a Christian Science church normally compiles a list of local advertisers and maintains the list in a card file which is available to the entire congregation. Such committees frequently follow the practice of clipping out the advertisement and placing it on a church bulletin board. An advertiser in the Christian Science Monitor is not given any preferential treatment by a church advertising committee simply because it may also have contributed money to the church.

The petitioner advertised regularly in the Christian Science Monitor during 1953 and 1954 and prior thereto.

The Christian Science churches which received payments from petitioner during 1953 and 1954 were not under any obligation to perform any services of any kind for its benefit. The clerks of the boards of directors of the recipient churches understood that the amounts received from petitioner were donations. Petitioner claimed on its income tax returns deductions for advertising expenses in the amounts of $9,550 and $7,400 for the years 1953 and 1954, respectively. These amounts represented the total payments made by petitioner to Christian Science churches for lecture purposes during those years. The Commissioner disallowed the foregoing amounts as deductible adver-

tising expenses for 1953 and 1954, but allowed as additional deductions for charitable contributions the amounts of $1,880.26 and $2,637.24 for 1953 and 1954, respectively.

OPINION.

The petitioner has taken the position that the payments made by it to Christian Science churches during 1953 and 1954 represent legitimate advertising expenses and are therefore deductible as ordinary and necessary business expenses within the meaning of section 23(a) (1)(A) of the 1939 Code and section 162(a) of the 1954 Code.

Respondent contends that the payments represent charitable contributions and fall within the purview of sections 23(q) of the 1939 Code and 170(a) of the 1954 Code and are therefore subject to the restriction imposed by section 23(a)(1)(B) of the 1939 Code [1] and section 162(b) of the 1954 Code.[2] Inasmuch as deductible charitable contributions under sections 23(q) of the 1939 Code and 170(a) of the 1954 Code are limited by those sections to an amount which does not exceed 5 per cent of the corporate taxpayer's net income (as computed without benefit of those sections), the action of the respondent in disallowing the amounts claimed by the petitioner as advertising expenses and allowing them only as charitable contributions, if sustained, will result in the loss to it of a substantial deduction.

The burden of establishing that the contributions here in question constituted ordinary and necessary expenses incurred in the operation of its business is, of course, on the petitioner. We are unable to find from the record that any actual advertising was effected by the payments in question or that there was a reasonable expectation of an increase in petitioner's business resulting therefrom. It is not demonstrated by the record that the membership of the 110 churches which received contributions from petitioner (with two exceptions) were actually aware that such contributions were made. It is true that there is some evidence of record indicating that petitioner received all of the Christian Science business in the Chicago area, and it is also true petitioner's president testified that his company acquired the patronage

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
   In computing net income there shall be allowed as deductions :
   (a) EXPENSES.—
     (1) TRADE OR BUSINESS EXPENSES.—

   *       *       *       *       *       *       *

     (B). Corporate Charitable Contributions.—No deduction shall be allowable under subparagraph (A) to a corporation for any contribution or gift which would be allowable as a deduction under subsection (q), were it not for the 5 per centum limitation contained and for the requirement therein that payment must be made within the taxable year.
[2] SEC. 162. TRADE OR BUSINESS EXPENSES.
   (b) CHARITABLE CONTRIBUTIONS AND GIFTS EXCEPTED.—No deduction shall be allowed under subsection (a) for any contribution or gift which would be allowable as a deduction under section 170 were it not for the percentage limitations, or the requirements as to the time of payment, set forth in such section.

of several Christian Science churches and of two or more business customers which he maintained were attributable to the donations he had made to the numerous Christian Science churches in the States of Illinois and Wisconsin. He admitted, however, that in most instances there was no possible way of demonstrating whether new Christian Science customers were obtained as a result of petitioner's donations or through its advertisements in the Christian Science Monitor. Since petitioner was a consistent advertiser in the Monitor both prior to and during the years in issue and since its Monitor advertisements were available to the entire congregation in every Christian Science church in the Chicago area, we are inclined to believe that its Monitor advertising was responsible for the acquisition of the new business.

The letter of transmittal which accompanied each payment to a Christian Science church clearly discloses that the money contributed represented a gift. The petitioner did not receive any consideration for any of these payments and it expected none. The churches to which such payments were made did not feel under any obligation to the petitioner. It was under no obligation whatever to make the contributions in question and such payments were made without restriction, except that the letter of transmittal indicated the intention of the donor to support the lecture program of the local church, if possible. Hartless testified that he did not attempt to measure the value of petitioner's contributions in terms of dollars or in terms of the amount of resulting business. He made no effort to utilize a similar method of contact for the purpose of expanding his business by contributing to any religious group other than his own.

It is stipulated that all Christian Science churches and societies are of such character that contributions made to them are deductible under both the 1939 and the 1954 Codes.

We are of the opinion that the contributions here in question were made with the predominant intention of advancing the cause of Christian Science and in fact represent gifts rather than ordinary and necessary business expenses. It may be that the payments here in issue were made with a dual purpose and that, in causing petitioner to make such payments, its president actually desired to advertise its services as well as to promote the sponsorship of religious lectures. However, if such a dual intention actually existed, it is clear that section 23(a)(1) (B) of the 1939 Code, together with the regulations promulgated thereunder, and section 162(b) of the 1954 Code prevent the deduction of such payments under section 23(a)(1)(A) of the 1939 Code and section 162(a) of the 1954 Code if any part is deductible under section 23(q) of the 1939 Code and section 170(a) of the 1954 Code. Regs. 118, sec. 39.23(a)–13. These provisions require such payments to be included with all other contributions in determining the amount

properly deductible under sections 23(q) of the 1939 Code and 170(a) of the 1954 Code. *Wm. T. Stover Co.*, 27 T.C. 434; *United States Potash Co.*, 29 T.C. 1071.

We accordingly hold that the payments here in issue made by petitioner to various Christian Science churches and societies during 1953 and 1954 do not constitute ordinary and necessary business expenses within the meaning of section 23(a)(1)(A) of the 1939 Code and section 162(a) of the 1954 Code but must be treated as contributions falling within the scope of section 23(q) of the 1939 Code and section 170(a) of the 1954 Code.

*Decision will be entered for the respondent.*

