T.C. Memo. 2002-72


UNITED STATES TAX COURT


GARY G. GAGE AND CARRIE M. GAGE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16714-99.                    Filed March 26, 2002.


Gary G. Gage and Carrie M. Gage, pro sese.

<u>Sandra Veliz</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine respondent's determination of deficiencies of $5,538,
$5,743, and $6,448 in their 1995, 1996, and 1997 Federal income

taxes, respectively. Following petitioners' concession,[1] we must decide:

1. Whether petitioners are liable for self-employment taxes of $4,923, $4,551, and $5,008 in 1995, 1996, and 1997, respectively, as determined by respondent. We hold they are.[2]

2. Whether petitioners may deduct charitable contributions of $13,900, $20,575, and $23,467 on their respective 1995, 1996, and 1997 Schedules C, Profit or Loss From Business. We hold they may not.

3. Whether we should penalize petitioners under section 6673.[3] We hold we should and penalize them $1,000.

FINDINGS OF FACT

Most facts were stipulated. We incorporate herein by this reference the parties' stipulation of facts and the accompanying exhibits. Petitioners resided in Spokane, Washington, when their petition was filed with the Court.

---

[1] Respondent determined that petitioners received and failed to report $115 in interest income in 1997. Petitioners' petition and brief are silent as to this determination. We sustain this determination without further comment. See Jarvis v. Commissioner, 78 T.C. 646, 658 n.19 (1982).

[2] By virtue of this holding, we also sustain respondent's determination that petitioners may deduct one-half of each year's self-employment tax under sec. 164(f).

[3] Section references are to the Internal Revenue Code in effect for the subject years. Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners filed their 1995, 1996, and 1997 Forms 1040, U.S. Individual Income Tax Return, within the time prescribed by law.  On those returns, petitioners claimed income and expenses relating to Best Buy Stoves, the Schedule C residential heating equipment sales business of Gary G. Gage (Mr. Gage).  Petitioners never reported or paid any self-employment tax on the business's 1995 through 1997 net income and did not attach to any of their returns the applicable form for self-employment tax, Schedule SE, Self-Employment Tax.  Petitioners never received an exemption letter from the Internal Revenue Service providing that they were exempt from self-employment taxes for 1995 through 1997.

OPINION

1.  Self-Employment Tax

Self-employment income of every individual is subject to self-employment tax under section 1401(a).  The amount of this tax is based upon a percentage of the self-employment income earned by the individual.  Section 1402(g)(1) grants an exemption from self-employment tax to members of certain religious faiths. This exemption requires the approval of the Commissioner of Social Security.  Section 1402(e)(1) grants an exemption from self-employment tax to ministers of a church, members of religious orders, or Christian Science Practitioners.  This exemption requires the approval of either the Commissioner of

Internal Revenue or the Commissioner of Social Security under an agreement with the Commissioner of Internal Revenue.

On July 29, 1999, petitioners applied with the Commissioner of Internal Revenue for an exemption from self-employment tax by filing Form 4361, Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners. Shortly thereafter, the Commissioner of Internal Revenue denied that application, determining that petitioners did not meet the statutory requirements of section 1402(e)(1). Petitioners never received from the Commissioner of Internal Revenue the required approval for exemption from self-employment tax.[4]

Petitioners alleged in their petition that they are not liable for self-employment tax because an imposition of that tax violates their constitutional rights. Specifically, petitioners claim, requiring them to participate in the Social Security system infringes on their First Amendment right to the free exercise of religion. Respondent disagrees that petitioners' constitutional rights are violated in this case. Respondent

---

[4] Nor does the record indicate that petitioners ever received or requested an exemption from the Commissioner of Social Security.

observes that the self-employment tax was imposed on petitioners' income derived from Mr. Gage's Schedule C business.

We agree with respondent that petitioners are liable for self-employment tax on their self-employment income. Respondent's denial of a self-employment tax exemption to petitioners, assuming their claimed religious objections to the Social Security system are sincere, was not in violation of their free exercise rights. In Droz v. Commissioner, 48 F.3d 1120 (9th Cir. 1995), the Court of Appeals for the Ninth Circuit, the court to which this case is appealable, held that the denial of exemption from self-employment tax to a taxpayer who had religious objections to the Social Security system did not violate the taxpayer's free exercise rights. Our jurisprudence contains a line of cases which hold similarly. Randolph v. Commissioner, 74 T.C. 284 (1980); Henson v. Commissioner, 66 T.C. 835 (1976); Palmer v. Commissioner, 52 T.C. 310 (1969); May v. Commissioner, T.C. Memo. 1996-135; Grieve v. Commissioner, T.C. Memo. 1986-453. Because we find nothing in the instant case to distinguish it from Droz and our line of cases, we hold that the imposition upon petitioners of self-employment tax as determined by respondent is not in violation of their First Amendment rights.

## 2. Charitable Contributions

Section 162(a) allows the deduction of all ordinary and necessary expenses paid or incurred during a taxable year in carrying on a trade or business. Construing that section, the Supreme Court explained in Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352-353 (1971), that a cash basis taxpayer such as Mr. Gage may deduct an expenditure if it is: (1) An expense, (2) an ordinary expense, (3) a necessary expense, (4) paid during the taxable year, and (5) made to carry on a trade or business. Accord Lychuk v. Commissioner, 116 T.C. 374, 386 (2001).

Deductions are a matter of legislative grace, and an individual taxpayer bears the burden of proving that he or she is entitled to the deductions claimed.[5] Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). Payments which qualify as charitable contribution deductions under section 170 are not deductible as ordinary and necessary business expenses under section 162 if they fail to qualify as legitimate business

---

[5] Sec. 7491 was added to the Code by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 727, effective for court proceedings arising from examinations commencing after July 22, 1998. Sec. 7491(a) provides that the burden of proof shifts to the Commissioner in specified circumstances. Petitioners make no argument that sec. 7491 applies to this case. Accordingly, we conclude it does not.

expenses.  <u>Hartless Linen Serv. Co. v. Commissioner</u>, 32 T.C. 1026 (1959).

Petitioners claimed charitable contribution deductions on their Schedules C as ordinary and necessary business expenses. In this proceeding, however, petitioners failed to provide any proof that these claimed contributions were paid as legitimate business expenses.  We sustain respondent's determination as to this issue.  See <u>id.</u>  We allow petitioners to deduct these amounts under section 170 as itemized deductions, as determined by respondent.

## 3.  Penalty Under Section 6673

Respondent moves the Court to require petitioners to pay to the United States a penalty under section 6673.  Respondent asserts that petitioners' positions in this proceeding are frivolous and groundless.  Under section 6673(a), a taxpayer may be required to pay to the United States a penalty not in excess of $25,000 whenever it appears to the Court that, among other reasons, the proceedings have been instituted or maintained primarily for delay or the taxpayer's position is frivolous or groundless.  <u>Larsen v. Commissioner</u>, 765 F.2d 939, 941 (9th Cir. 1985).  A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, color able argument for change in the law.  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

We agree with respondent that petitioners' positions in this proceeding are both groundless and frivolous.  Whereas petitioners alleged in their petition that "assessing taxes that require that I deny my religious beliefs are unconstitutional," petitioners proceeded in brief to abandon that argument and to put forth only shopworn tax-protester-type gibberish aimed directly at the validity of our income tax system rather than at the validity of respondent's determinations.  Petitioners' sole arguments in brief are that: (1) "the tax system is voluntary," (2) Mr. Gage "is not a public sector employee," (3) "the Internal Revenue Code has not been enacted as positive law," and (4) "the intervener, Gary Gene: Gage, [sic] is the holder in due course of GARY G. GAGE."

Because petitioners' positions are contrary to law and are not supported by a reasonable argument for a change in the law, we conclude that their positions are frivolous and groundless. Accordingly, in the exercise of our discretion, we require them to pay to the United States a $1,000 penalty under section 6673.

Contentions we have not addressed are irrelevant, moot, or merit less.  To reflect the foregoing,

An appropriate order and decision will be entered.